OLNEY v. EATON, *et al., Appellants.*

66 563
166 313

1 **Equity Practice**: VENDOR'S LIEN: CROSS-BILL: HARMLESS ERROR OF TRIAL COURT. In a suit to enforce a vendor's lien, the answer, after denying the alleged indebtedness, pleaded specially that plaintiff agreed to receive lands in Kansas as part payment of the purchase money, tendered a deed, and prayed specific performance. The reply admitted a contract for purchase of the Kansas lands, but charged that this was a separate transaction, having no connection with the first. On this issue the trial court found for the plaintiff; in which finding this court, upon an examination of the evidence, concurred. The trial court, after all the evidence had been heard, dismissed that portion of the answer pleading the contract to pay in lands, treating it as a cross-bill; *Held,* that this was error; that this portion of the answer was pleaded as a part of the main transaction, and as a defense to plaintiff's action, and that the prayer for specific performance of that contract was in substance a prayer that the court would effectuate the main contract of the parties, as understood by defendant, and, as such, that there was no necessity for the dismissal; but, as the judgment would have been the same, whether this portion of the answer were dismissed or not, there was no such error as would justify a reversal of the judgment.

2. **Specific Performance.** The specific performance of a contract for the sale of lands lying in another State, will be decreed in equity, whenever the party is resident within the jurisdiction of the court.

*Appeal from Atchison Circuit Court.*—HON. HENRY S. KELLEY, Judge.

*Vinton Pike,* for appellants.

1. The decree cannot be sustained upon the evidence. Plaintiff in his form of action affirms the contract, seeks its specific performance, and has failed to clearly make it out. The evidence is clear and positive that the contract was as the defendants plead it, and the petition should have been dismissed. (*Paris v. Haley,* 61 Mo. 453.)

2. The court erred in the law of the case. Defendants set up the contract as it was, and relied upon it as their defense. The title to real estate in a foreign jurisdiction was not involved; nor do defendants seek, necessarily,

the enforcement of a contract respecting it. Yet this court may indirectly act upon real estate situate in a foreign jurisdiction through the instrumentality of its authority over the person of a party. Story's Conflict of Laws, §§ 543, 544, 545; Story's Eq. Jur., §1291; Story's Eq. Pldg., § 489; 2d Kent. Com., 581 (463) and note b; Frye on Sp. Perf., §§ 60 to 63; *Penn v. Lord Baltimore*, 1 Vesey (Sr.,) 444, also reported in 3 Lead. Cases in Equity, 664; *Massie v. Watts*, 6 Cranch 148; *Mitchell v. Bunch*, 2 Paige 606; *The Church v. Wily*, 2 Hill Ch. Rep. 584; *Guerrant v. Fowler*, 1 Hen. & Mun. 5; *Bailey v. Ryder*, 10 N. Y. 363; *D'Ivernois v. Leavitt*, 23 Barb. 63; *DeKlyn v. Watkins*, 3 Sandf. Ch. 185; *Lord Portarlington v. Soulby*, 3 My. & K. 109; *Dickens v. King*, 3 J. J. Marsh. 591; *Mason v. Chambers*, 4 Id. 408; *McGregor v. McGregor*, 9 Ia. 78, 79, 80; *Sturdevant v. Pike*, 1 Carter (Ind.) 278; *McLean v. Bank*, 3 McLean 622; *Stansberry v. Fringer*, 11. Gill & J. (Md.) 149; *Carrol v. Lee*, 3 Gill & J. 504; *Sutphen v. Fowler*, 9 Paige 280; *Fickett v. Durham*, 109 Mass. 419; *Bank v. Poyntz*, 60 Mo. 532; *Cranstown v. Johnson*, 3 Vesey (Jr.) 170.

*Henry Flanagan* and *John P. Lewis* for respondent.

1. The clear weight of the testimony shows that the Atchison county sale and the proposed 20 acre trade in Kansas, were to be performed as two independent transactions, and that the $400 balance on Atchison county lands was due September 1, 1871.

2. This is not a case where a court of equity can assume jurisdiction over lands without the State, in order to settle disputes between the parties. I Story, Eq. Juris., § 744 a; *N. Ind. R. R. Co. v. Mich. C. R. R. Co.*, 15 How. (U. S.) 233; 2 Wag. Stat., § 3, p. 1005.

HENRY, J.—This was a suit in the Atchison circuit court to enforce a vendor's lien for $400, with interest,

from the first of September, 1871, against a tract of land in said county, purchased of plaintiff by Joseph C. Eaton, which he afterwards conveyed to his co-defendant, Timothy C. Eaton, who, plaintiff alleged, had notice, when he purchased, that said balance of $400 was then due and unpaid. The consideration for the land was $4,000, of which plaintiff alleged that $3,600 was paid in property and cash, and in the assumption by Joseph C. Eaton of $640, for which the county of Atchison had a lien on the land. Defendants admitted the purchase, but denied that any balance was due from Joseph on the land, alleging that in addition to the sums of money and the lands, and the assumption by defendant of the $640 due Atchison county, plaintiff was to receive in payment of said $4,000, twenty acres of land in the State of Kansas, owned by defendants, at $40 per acre, and that this, with the other payments, was $400 in excess of the consideration for the tract that Joseph purchased of plaintiff; that he had offered to make plaintiff a deed for said twenty acres of land, which plaintiff refused to receive, and again in court tendered to plaintiff a deed, duly executed and acknowledged, conveying to plaintiff said land, and asked the court to decree a specific performance of the contract. Timothy C. Eaton denied that he knew that said amount of $400, or any part of the consideration for the land purchased by Joseph C. Eaton of plaintiff, was unpaid. Plaintiff replied, denying all the material facts stated in defendant's answer, admitting that there was a contract of purchase of the twenty acres, but averring that it was not in writing, and that it had no connection with the sale which he made to defendant of the land in Atchison, and pleading the statute of frauds as a defense to that portion of defendant's answer asking a specific performance of that contract. The evidence on the part of plaintiff, conduced to prove the allegations in his petition and replication, while that for the defendants tended to prove the facts stated in their answer. The court found all the issues for plaintiff, and as plaintiff,

who testified to the facts stated in his petition and replication, was corroborated by three disinterested witnesses, and defendants were themselves the only witnesses who testified to the facts stated in their answer, we cannot say that the finding of the court was against the weight of evidence. Appellants' counsel contends that there was no evidence to warrant the finding that Joseph C. Eaton was indebted to plaintiff in the sum of $488. The plaintiff's testimony was not as clear as it might have been, as to the amounts paid, and he made some blunders in figures which are urged as evidence that his testimony was false; but, however he may have blundered in arithmetic, the allegations in his petition as to the amount which Joseph Eaton owed him were fully sustained by the defendants as witnesses in their testimony, and as parties, by their answer, if, as the court found, plaintiff did not agree to take in part payment of the $4,000, the twenty acre tract of land in Kansas. If he did not so agree, then on defendants' own statements, both in their answer and their testimony, $400 was due the plaintiff from Jos. C. Eaton. The court could believe just as much of the testimony of the defendants as he thought true, and reject the balance; and having found the issue in regard to the twenty acre tract against them, their own testimony showed the balance due to be $400, with interest from the first day of September, 1871. Interest on that amount to the date of the decree, at six per cent. per annum, was $88. The dismissal of that portion of the defendant's answer setting up the contract in relation to the twenty acre tract, after the court had heard all the evidence, is no ground for a reversal of its judgment. The defendants are not prejudiced by that action of the court. The answer was not technically a cross-bill, but the facts alleged with respect to the twenty acre tract, were pleaded as a part of the main transaction, and as a defense to plaintiff's action; and the prayer for specific performance of that contract, was, in substance, a prayer that the court would effectuate

1. EQUITY PRACTICE: vendor's lien: cross-bill: harmless error of trial court.

the main contract of the parties as alleged by defendants. There was, therefore, no necessity for dismissing that portion of the answer. The court erred in treating it as a cross-bill, but as the dismissal occurred after all the evidence had been heard by the court, and, whether dismissed or not, the judgment would have been the same, it was not such an error as would justify a reversal of the judgment. If the sale by plaintiff to defendant, Jos. C. Eaton, and that of the twenty acre tract to plaintiff, had been parts of one transaction, and not several and disconnected, the decree should, and would have been different and favorable to defendants.

The question of jurisdiction discussed in the briefs, would have presented no difficulty. The decrees of courts 2. SPECIFIC PER- of equity do, indeed, primarily and properly FORMANCE. act *in personam*, and at most, collaterally only *in rem*. Hence, the specific performance of a contract for the sale of lands lying in a foreign country, will be decreed in equity, whenever the party is resident within the jurisdiction of the court. Story's Eq., 2 Vol., § 1291. All concurring, the judgment is affirmed.

AFFIRMED.