WELLS *et al.*, *Appellants*, v. HARRIS.

Division One, February 9, 1897.

**Highways**: PRIVATE ROAD, ESTABLISHMENT OF: PARTIES. Where a private road is established over lands parallel to a division fence which becomes the boundary of the road on one side, the adjoining owner is not a necessary party to the proceeding, and will not be heard to object, it appearing that no part of his land or interest in the division fence is taken or disturbed.

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

*Certified from St. Louis Court of Appeals.*

REVERSED.

*Dunn & Murphy* and *Norton & Avery* for appellants.

(1)  The application of Joseph L. Harris in the circuit court for writ of *certiorari* should have been denied, because his petition shows that he did not own the land over which the private road is located. *Moore v. Bailey*, 8 Mo. App. 156.  (2) When a bill of exceptions is made part of the record, as in this case, the appellate court will accept it as absolute verity. *Christian v. Night*, 19 Mo. App. 165; *Wells v. Lea*, 20 Mo. App. 352.  Therefore, under the ruling of the supreme court in the case of *Rogers v. County Court*, 60 Mo. 101, the writ should have been dismissed.  (3)  It appears to be settled by later decisions of the supreme court that a writ of *certiorari* only brings up the record of the inferior court; that it is in the nature of a writ of error, and the court can not consider any question raised by the petition, unless it is presented by the record of the inferior court.  The writ of *certiorari* only brings up for review such facts as appear on the face of the record; and in this case the court should try the case upon the return of the county court made in obedience to said writ. *Railroad v. Board of Equalization*, 64 Mo. 294; *Halpin v. Powers*, 68 Mo. 320; *House v. Clinton County*, 67 Mo. 522; *State ex rel. v. City*, 89 Mo. 34; *Harrah v. Cauthorn*, 40 Mo. App. 94.  (4)  The record of the county court shows that the county court obtained jurisdiction of the subject-matter and of the parties to the proceedings.  The petition for the private road alleges all of the facts necessary to confer jurisdiction.  It alleges it was a way of strict necessity, etc. Leitman and Martin were served with notice and afterward both appeared in the county court and filed objections, and each appealed to the circuit court.

The county court found the facts alleged in the petition to be true and ordered the road established. *Colville v. Judy*, 73 Mo. 651; *Cox v. Tipton*, 18 Mo. App. 450; *Barr v. Flynn*, 20 Mo. App. 383. (5) The county court having acquired jurisdiction by the filing of a proper petition, and the service of notice and appearance of parties, every presumption and liberal intendment which pertain to courts of general jurisdiction immediately attaches with equal force to the acts and doing of the inferior tribunal. *Ellis v. Jones*, 51 Mo. 186; *Blize v. Castlio*, 8 Mo. App. 290.

*Charles Martin* for respondent.

(1) The petition of Joseph L. Harris sets out good causes for granting the writ. Where one's rights and interests in the subject-matter upon which the record acts are affected, he can have the validity of such proceedings raised by *certiorari*. *Dyer v. Lovell*, 30 Me. 217; *Banger v. County Com.*, 30 Me. 270; *Moore v. Hancock*, 11 Ala. 245; *Edgar v. Greer*, 14 Iowa, 211; *People v. Betts*, 55 N. Y. 600–603; *King v. Longeope*, 7 Tex. 236. (2) Howard Martin, while a party to the proceeding, was deprived of a right to appeal or have his damages assessed by the acts of the county court. While his objections to commissioners' report were pending and undisposed of, and upon the hearing of exceptions filed by Leitman, to which he was not a party, and to which the court had refused to permit him to be made a party, the county court rendered final judgment establishing the road over his land. The writ is granted where there is sufficient reason for not appealing, as in this case. *McLeran v. Melvin*, 3 Jones (N. C.) Eq., 195; *Edgar v. Greer*, 14 Iowa, 211; *Collins v. Nall*, 3 Dev. 224; *McMurray v. Milan*, 2 Swan, 176. (3) The granting of a writ of *certiorari* is a mat-

ter of discretion with the court to which the petition is presented, and its action is not appealable. *People v. Hudson*, 77 N. Y. 605; *People v. Williams*, 82 N. Y. 506; *State ex rel. v. Blackamore*, 40 Mo. App. 419. (4) Wells and Carter, who take these appeals, are not named as relators in the writs, and are not parties to these proceedings and have no right to appeal. *Watson v. Nelson*, 69 N. Y. 536; *People v. Lynch*, 54 N. Y. 681. (5) The record of the county court, as certified and returned in obedience to the writs of *certiorari* issued in these cases, shows that, at the time these petitions were filed, and when the writ was issued and served in the *Martin* case, the county court had ordered the road established and had not found the road petitioned for was a way of necessity. *Railroad v. Young*, 96 Mo. 39. Nor did it find the manner of service of notices. *Railroad v. Young*, 96 Mo. 39. Nor that the commissioners were disinterested. R. S. 1889, sec. 7834. (6) The statute fixes no time for filing exceptions to commissioners' report in such cases, and Martin's exceptions being filed before final judgment, it was the duty of the court to have such exceptions heard by a jury. *Anderson v. Pemberton*, 89 Mo. 61.

BRACE, J.—This cause is transferred here from the St. Louis court of appeals, on the authority of *State ex rel. Railroad v. Rombauer*, 124 Mo. 598, as involving title to real estate.

The proceeding originated in the county court of Lincoln county, and was taken thence to the circuit court of said county by *certiorari*, where the judgment of the county court was quashed, and an appeal taken to the court of appeals.

By the judgment of the county court, on the petition of the appellants, a private road eighteen feet wide and one half mile long was established, running one

fourth of a mile through the lands of Fritz Leitman, and one fourth of a mile on and with a private road of said Leitman, over the lands of Howard Martin. The petition was in substantial conformity to the requirements of section 7834, Revised Statutes 1889, and a copy thereof, together with a notice of the day on which it would be presented to the court, was duly served on the said Leitman and Martin, but no service thereof was had on the respondent Harris. The proceedings in the county·court thereafter to their culmination in the judgment were in conformity to the requirements of the statute.

The private way of Leitman which was appropriated for the purposes of the road and which he was required to fence, was wholly on the land of Martin (at each end of which gates were maintained by Leitman), and ran east of, and along the division line between, his land and that of the respondent. On this line there was a fence. The *gravamen* of the respondent's complaint is that, whereas that fence is now a division fence between him and Martin and he is required only to keep up one half of it, when the private road is established that fence will cease to be a division fence, and he will have to keep up the whole of it, and this result will follow from the fact that Leitman will no longer be under obligation to keep gates at the ends of the private way, but must take them down and build a fence along the east end thereof, parallel with, and distant from, the division fence eighteen feet, whereby Martin's land will be inclosed and he will have no further use for the division fence, which he alleges he and Martin have used in common, each bearing one half of the expense of its maintenance.

This is the case made by the respondent in his petition for *certiorari*, in which many things are stated, but in which he is very careful not to state who is the

owner of this fence. If he is the owner of this quarter of a mile of fence, it would be no great hardship for him to have to keep his own fence in repair, and if he owns part of it, and Martin owns part, their ownership is in no way disturbed by the establishment of this private road—it still remains the division fence between their premises, and they sustain the same relations to it as before, with the same obligation in respect thereof to "keep the same in good repair" (R. S. 1889, sec. 5042), in which case Martin, and not the respondent, is the one that might have cause to complain.

However the case may be in this respect, by the proceeding to establish this road not a foot of the respondent's land nor an inch of his fence is taken, disturbed, or damaged, or their value impaired; all of his property, in all its integrity and value remains just as it was before. He was not a necessary party to that proceeding, and has no right to interfere with it. The writ was improvidently granted and ought to have been quashed. The judgment of the circuit court is therefore reversed, and the cause remanded with directions to quash the writ. All concur.