In re LOIS READING et al., Appellants, v. DANIEL C. CHANDLER et al., Respondents.

St. Louis Court of Appeals. Argued and Submitted May 5, 1913. Opinion Filed June 3, 1913.

1. COURTS OF APPEALS: Jurisdiction: Title to Real Estate. An action, under Secs. 10457, 10458, R. S. 1909, to vacate a private road which had been established pursuant to Sec. 10447 involves title to real estate, and hence the Courts of Appeals have no jurisdiction of an appeal from a judgment rendered therein.

2. A:P.PELLATE PRACTICE: Jurisdiction: Right of Court to Raise Question. The Courts of Appeals have the right to take up and determine. *sua sponte*, the question of their jurisdiction of. an appeal.

Appeal from Pike Circuit Court.—*Hon. B. H. Dyer, Judge.*

TRANSFERRED TO SUPREME COURT.

*Pearson & Pearson* for appellants.

*Hostetter & Haley* for respondents.

REYNOLDS, P. J.—This is an action brought by appellants here under the provisions of sections 10457 and 10458, Revised Statutes 1909, for the vacation of a private road, "a road of necessity," as it is called, brought by appellants as owners of the land through which that road had been regularly laid out by the county court of Pike county, under the provisions of section 10447, Revised Statutes 1909, the grounds alleged for vacating the private road being that it had become unnecessary by the· establishment of a public road about a quarter of a mile north of it which gave respondents here convenient access to another public road. Respondents resisted the application to vacate. The· trial court found against the applicants and refused to vacate the private road, from which action of the county court the applicants or petitioners appealed to the circuit court, where on a trial, the applicants again being denied the relief which they sought, that is the circuit court refusing to vacate the private road, the applicants duly perfected their appeal to this court.

The cause was argued and submitted to us by counsel and elaborate briefs filed in support of their respective positions, but no suggestion made by them of our lack of jurisdiction over the appeal.

After the submission of the cause, our court, having its attention called to another case than the one at bar, to the case of State ex rel. St. Louis, Kansas City

& Colorado R. R. Co. v. Rombauer et al., Judges, 124 Mo. 598, 28 S. W. 75, and to the case of Wells v. Harris, 137 Mo. 512, 38 S. W. 1101, the latter case referred to approvingly in City of Tarkio v. Clark, 186 Mo. 285, l. c. 294, 85 S. W. 329, which latter case is also cited approvingly in Padgett v. Smith, 206 Mo. 303, l. c. 313, 103 S. W. 943, has taken up the matter of our jurisdiction, *sua sponte,* as has been said in Padgett v. Smith, as also in any other cases it may do, as "questions of jurisdiction assert themselves at any stage of a proceeding and in any court," have concluded, on the authority of the above cases of State ex rel. v. Rombauer and Wells v. Harris, that this case is one "involving title to real estate," and not within our appellate jurisdiction.

The effort of the appellants is to have the easement over their lands charged upon those lands by the establishment of the private road terminated, and to free their lands from the burden of that easement. As an action to charge the lands with the easement created by the establishment of private road over them, is a case "involving title to real estate," as held in the Rombauer and Wells cases, supra, it would seem that an action in which it is sought to terminate that easement is also a case "involving title to real estate."

It is therefore ordered that this cause and all the papers herein be and they are hereby transferred to the Supreme Court for its determination. *Nortoni* and *Allen, JJ.,* concur.