STATE ex rel. WALTER W. SHIEK et al., Relators, v. JOHN W. McELHINNEY, Judge, Respondent.

St. Louis Court of Appeals, May 4, 1915.

1. **BUILDING RESTRICTIONS: Action to Enjoin Violation: Venue.** An action to enjoin the violation of building restrictive covenants constituting equitable easements running with the land is one in which the title to the land "may be affected," within Sec. 1753, R. S. 1909, which provides that suits whereby the title to real estate *may be affected* shall be brought in the county where the real estate is situate, and hence such a suit is properly brought in the county where the land is situated, although the owner resides within another county.

2. **JURISDICTION: Courts: Raising Question Sua Sponte.** Courts may of their own motion raise the question as to whether they have jurisdiction.

3. **COURTS OF APPEALS: Supreme Court: Jurisdiction: Title to Real Estate "Affected" but not "Involved."** An action to enjoin the violation of building restrictive covenants constituting equitable easements running with the land, although "affecting the title" to the land, does not directly involve the title, within the Amendment of 1884 to Art. VI of the Constitution, and hence the Court of Appeals has jurisdiction of such a case, on appeal.

4. **BUILDING RESTRICTIONS: Nature: Covenants Running With Land.** A building restriction applicable to certain lots, binding the owner thereof not to erect improvements thereon that do not conform to the designated standard, is classed as an equitable easement running with the land.

Prohibition. Original Proceeding.

WRIT QUASHED.

*Oliver A. Fabick* and *Walter W. Shiek* for relators.

*Bernard Greensfelder* for respondent.

ALLEN, J.—This is an original proceeding in this court in prohibition.

On November 28, 1914, Cornelia A. Gereke and others filed a suit in equity in the circuit court of St. Louis county against Walter W. Shiek and others, the object thereof being to enjoin the erection of a building upon a lot of ground owned by said Walter W. Shiek and wife, in alleged violation of certain building restrictions to which it is said that such lot is subject. On March 18, 1915, on the application of the defendants in said cause, we awarded a preliminary writ of prohibition directed to Honorable John W. McElhinney, Judge of Division No. 1 of the circuit court of said county, wherein said cause was pending, requiring him, as such judge, to show cause why our preliminary rule in prohibition should not be made absolute. Such writ was issued upon the theory that the circuit court of St. Louis county had acquired no jurisdiction over the defendants in said action. The respondent judge has

duly filed his return herein, and the matter has been submitted on briefs of counsel; the issue presented being purely one of law.

In the petition in the injunction suit it is averred that the plaintiffs therein are the respective owners of certain lots of ground fronting on Waterman avenue, in what is known as West Portland Place in St. Louis county; that Walter W. Shiek and Mabel M. Shiek, defendants therein (relators here) are the owners of a lot of ground likewise fronting on Waterman avenue in said West Portland Place, having acquired the same by warranty deed from one Bridges and wife, "subject to all conditions and restrictions of record on the date of said deed;" that Bridges acquired title thereto from the Takoma Realty Company, which corporation is the common source of title of all of such lot owners parties to the action. And it is averred that among the conditions, covenants and restrictions set forth in the deed from the Takoma Realty Company to Bridges aforesaid, is one binding the latter, his successors and assigns, not to erect any dwelling upon the lot of land described therein the main portion of which shall be less than two stories in height; to which restrictions the lots owned by plaintiffs are in like manner made subject.

The other defendants therein, relators here, are averred to have acquired an interest in the property so deeded to Walter W. Shiek and wife, by virtue of two deeds of trust thereon.

And the petition in the injunction suit avers that the defendants herein, these relators, "are violating and attempting to violate the restrictions, covenants, conditions and stipulations" set forth in the deed from the Takoma Realty Company to Bridges, and in the deed from Bridges and wife to Walter W. Shiek and wife, in that said defendants are in the act of erecting a house upon the lot mentioned, the main portion of such building being less than two stories in height.

And it is averred that if the defendants therein are permitted to so erect said building, the property of plaintiffs and other like lot owners will be thereby damaged. The prayer is that the defendants, their agents and servants, be permanently enjoined from erecting upon such lot a building of the character mentioned, and that they be required to conform in all respects with the restrictive covenants contained in the deeds above mentioned.

Though the property lies in St. Louis county, where the action was instituted, all of the defendants in the injunction suit, (these relators) are residents of the city of St. Louis, and process was served on them therein. That is, writs of summons were caused to be issued directed to the sheriff of the city of St. Louis and by him served upon the defendants in said city. They appeared specially and moved to dismiss the action on the ground that the circuit court of St. Louis county had acquired no jurisdiction over them by such service. This motion being denied, said defendants applied to this court to prohibit the circuit court from proceeding further with the cause.

It is the contention of relators that title to land can be in nowise affected by the injunction suit, and hence the action is one which must be instituted in accordance with section 1751, Revised Statutes 1909. On the other hand the position of respondent is that the action is one affecting the title to the real estate mentioned, and which therefore may and should be instituted in the county where the land lies, under section 1753, Revised Statutes 1909.

In support of relators' contention it is argued that section 1753, supra, applies only to cases in which title to land is the subject of the controversy and the judgment will operate directly upon the title, citing, among other cases, State ex rel. v. Dearing, 180 Mo. l. c. 63, 79 S. W. 454; Coleman v. Lucksinger, 224 Mo. l. c. 13, 123 S. W. 441; that the circuit court in a proceeding in

equity seeking injunctive relief could act only *in personam* (or at most collaterally only *in rem*), and hence the action must be brought in accordance with the provisions of section 1751, supra, under the authority of State ex rel. v. Dearing, supra; Hewitt v. Price, 204 Mo. 31, 102 S. W. 647; State ex rel. v. Zachritz, 166 Mo. 313, 65 S. W. 999; Olney v. Eaton, 66 Mo. 563, and cases of like character.

It is unnecessary to review the many cases cited and relied upon by relators. We think that the proceeding here sought to be prohibited is one in which a decree for plaintiffs, if rendered therein, will affect the title to the property of the defendants, relators here. Though the action is in equity for injunctive relief, the object thereof is to have declared and enforced an easement in the lot of relators in favor of other lot owners, arising from certain alleged restrictive covenants contained in the deeds through which all of the parties hold their respective lots. In other words it is claimed that the title to relators' lot is encumbered with an equitable easement in favor of other like lot owners, restricting the use and enjoyment thereof in certain particulars, and which the action seeks to define and enforce. It would appear that the title to the land "*may be affected*" though title may not be directly *involved* in the proceeding.

In City of Kirkwood ex rel. v. Handlan et al., 182 Mo. App. 626, 168 S. W. 346, following, as we thought, cases upon which relators rely, and which are referred to in the opinion, we felt compelled to hold that an action to enforce the lien of a special tax bill was not one affecting title to the land. Subsequently, on *certiorari*, the Supreme Court held that we were in error, and that tax liens, both general and special, and deeds of trusts and other like liens *affect* the title to land, but in suits brought to enforce such liens the title to real estate may not be so involved as to confer appellate

jurisdiction on the Supreme Court. [See State ex rel. City of Kirkwood v. Reynolds et al., 265 Mo. 88.]

There appear to be stronger reasons for holding that title is affected by a suit to enforce restriction covenants, such as are here involved, which operate as an encumbrance upon the title, or as a condition annexed thereto, permanently restricting the owner's use of the land, than by a suit to enforce the lien of a special tax bill, which merely fastens a monetary burden upon the property. By this we do not mean to find fault with the ruling of the Supreme Court aforesaid. Indeed we think the law should permit such an action as was that in the Kirkwood case to be brought in the county in which the land lies, and we so said in our opinion therein.

In State ex rel. v. Muench, 225 Mo. l. c. 226, 227, 124 S. W. 1124, it is said: "If it is true, as contended for by relator, that he owns the land to the center of said streets, by virtue of the fact, if it be a fact, that the streets were never properly dedicated, or because it reverted to him, by virtue of abandonment and nonuser, then, clearly, the decree rendered by the circuit court of the city of St. Louis would directly affect and charge his said real estate with an easement, and thereby establish a public highway over his land in favor of the county of St. Louis. [Baker v. Squire, 143 Mo. 92, l. c. 99, 100; Monroe v. Crawford, 163 Mo. 178.] And to that extent said decree would divest that much of the title and interest in and to said land out of relator, and invest the same in said St. Louis county."

While in that case the relator asserted title to the land to the center of certain streets in the action below, it was held that in any event a decree against him would charge his land with an easement and affect the title thereof.

It is held that an action to charge land with an easement created by the establishment of a private

road over them is a case "involving title to real estate," giving appellate jurisdiction to the Supreme Court. [See Reading v. Chandler, 175 Mo. App. 277, 157 S. W. 839, and cases cited.]

Our jurisdiction is not questioned, and while we may raise such question *sua sponte* we are of the opinion that title is not here directly *involved* in the sense of the constitutional provision vesting jurisdiction in the Supreme Court, but that title may be *affected* within the meaning of the statutory provision here in question. Restrictive covenants such as these are classed as equitable easements running with the land. [See King v. Union Tr. Co., 226 Mo. l. c. 365, 126 S. W. 415.] And it would seem that the enforcement of such an easement encumbers or annexes such a condition to the owner's title, restricting his free use and enjoyment of the property, as to warrant the holding that title is thereby affected. We therefore hold that the Circuit Court of St. Louis county is possessed of jurisdiction under section 1753, supra.

It follows that our preliminary writ was improvidently issued, and that it should be quashed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.