**STATE of Missouri, ex rel. Gregg and Katherine LEMLEY, Timothy and Martha Farrell, Mark and Corinne Stock, Lee and Jaclyn Ori, and William and Bonnie Choi, Relators,**

v.

**The Honorable Gloria C. RENO, Respondent.**

**No. ED 99612.**

Missouri Court of Appeals, Eastern District, Writ Division I.

March 26, 2013.

Mark B. Leadlove, Daniel M. O'Keefe, Christopher M. Blaesing, Bryan Cave LLP, St. Louis, MO, for relators.

H. Kent Munson, The Stolar Partnership LLP, St. Louis, MO, for respondent.

KURT S. ODENWALD, Presiding Judge.

### Introduction

Gregg and Katherine Lemley, Timothy and Martha Farrell, Mark and Corinne Stock, Lee and Jaclyn Ori, and William and Bonnie Choi (hereinafter collectively "Relators") petitioned this Court for a writ of prohibition, requesting the Honorable Gloria Reno ("Respondent") be restrained from ordering the release of Relators' *lis pendens* on certain real property, which was the subject of an underlying suit to enforce covenants and restrictions governing architectural requirements of the same property. Respondent ordered Relators to remove their *lis pendens* after granting summary judgment against Relators on the underlying action. Because Relators are entitled to retain their *lis pendens*

during their appeal, we now make absolute our preliminary order of prohibition.

### Factual and Procedural History

Relators are home owners in a subdivision in Des Peres, Missouri. The subdivision is subject to restrictive covenants governing the architectural style of structures built in the subdivision. After Relators built their homes, the remaining lots were foreclosed upon by the original real estate developer's bank. The bank then sold the lots to a second developer, McKelvey Homes ("McKelvey"). Relators subsequently brought the underlying action seeking declaratory judgment and a permanent injunction limiting the architectural style of construction on the property under the terms of various covenants and restrictions. Relators also recorded a *lis pendens* with the Recorder of Deeds to alert potential purchasers of the pending litigation concerning the land.

The trial court granted summary judgment to McKelvey against Relators' action, and ordered Relators to immediately release their *lis pendens*. Relators petitioned this Court for a writ of prohibition preventing the trial court from making final that part of its order requiring Relators to remove their *lis pendens*. We issued a preliminary writ of prohibition to consider the issue of whether Relators were entitled to retain their *lis pendens* during the pendency of their appeal from the judgment of the underlying lawsuit.

### Discussion

■ "Prohibition is a discretionary writ that may be issued to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent the exercise of extra-jurisdictional authority." *State ex*

*rel. Henley v. Bickel*, 285 S.W.3d 327, 330 (Mo. banc 2009).

■ Section 527.260 [1] provides, in relevant part:

In any civil action, based on any equitable right, claim or lien, affecting or designed to affect real estate, the plaintiff shall file for record, with the recorder of deeds of the county in which any such real estate is situated, a written notice of the pendency of the suit, stating the names of the parties, the style of the action and the term of the court to which such suit is brought, and a description of the real estate liable to be affected thereby; and the pendency of such suit shall be constructive notice to purchasers or encumbrancers, only from the time of filing such notice.

Section 527.260. Filing a *lis pendens* provides notice to potential purchasers of a pending suit, which may affect title to property, and its purpose is to preserve rights pending the outcome of litigation. *Kopp v. Franks*, 792 S.W.2d 413, 424 (Mo. App. S.D.1990). Where *lis pendens* have a reasonable relation to the action filed, absolute privilege attaches to their recordation. *Houska v. Frederick*, 447 S.W.2d 514, 519 (Mo.1969). Missouri law places no limitations or qualifications on the absolute privilege it accords *lis pendens* notices. *Birdsong v. Bydalek*, 953 S.W.2d 103, 114 (Mo.App. S.D.1997) (finding a right to file *lis pendens* when first three counts of Relators' petition sought declaratory judgment regarding interest in property and whether a contract was in force).

The issue before this Court is whether Relators have the right to retain their recorded *lis pendens* during the pendency of their appeal. Respondent claims that Relators' *lis pendens* is invalid because Relators' claim does not affect "title or

1. All statutory references are to RSMo. (2010).

ownership" of the real property. Respondent asserts that Relators were not initially entitled to record a *lis pendens*, and are similarly not entitled to retain their *lis pendens* during the pendency of their appeal. We disagree.

■ Contrary to Respondent's claim, Section 527.260 imposes no requirement that the underlying action must call into question the right to ownership of the real property in question. Section 527.260 provides plaintiff the unqualified right to record a *lis pendens* "[i]n any civil action, based on any equitable right, claim or lien, affecting or designed to affect real estate." Section 527.260. Relators' action concerns the enforcement of certain covenants and restrictions that affect the owners' interest in the land. *See State ex rel. Shiek v. McElhinney*, 190 Mo.App. 618, 176 S.W. 292 (1915) (a suit to enforce compliance with restrictive covenants may affect title to real estate). Accordingly, Relators properly exercised their rights under Section 527.260 when they initially recorded the *lis pendens* at issue.

■ We are also not persuaded by Respondent's argument that the trial court's determination that the *lis pendens* was not initially authorized is dispositive of whether Relators are entitled to retain the *lis pendens* during the pendency of their appeal. In *State ex rel. Bannister v. Goldman*, we considered whether a *lis pendens* remains effective during the pendency of an appeal. *State ex rel. Bannister v. Goldman*, 265 S.W.3d 280, 284 (Mo.App. E.D. 2008). In *Bannister*, we noted that several other states expressly allow a *lis pendens* to remain effective during appeal. *Id.* at 284 (citing Wisconsin, Florida, Georgia, New Mexico, Texas, Arkansas, Oklahoma, California, and Michigan law). We also expressed concern that removing a *lis pendens* prior to the final appeal could effectively dispose of the appeal because

the owners of the real property formerly subject to the *lis pendens* would be free to sell or modify the unencumbered property. *Id.* Although we ultimately decided *Bannister* on separate procedural grounds, we stated that "our preliminary conclusion is that a *lis pendens* should remain in effect until the time for appeal has expired or appellate review is complete." *Id.* We see no reason to reject or modify our earlier analysis in *Bannister* and hold that a plaintiff bringing an action purporting to affect a legal interest in real property has an absolute right to retain a recorded *lis pendens* during the pendency of appellate review.

### Conclusion

■ Relators are entitled to retain their *lis pendens* during the pendency of their appeal from Respondent's order granting summary judgment. Accordingly, the trial court exceeded its jurisdiction when it ordered Relators to release their *lis pendens*. Our preliminary order in prohibition is made absolute.

MARY K. HOFF, and LISA S. VAN AMBURG, JJ., Concur.