### In re Nelson Wayne HAYWARD, Debtor.

**Bankruptcy No. 87–01459–W–13.**

United States Bankruptcy Court,
W.D. Missouri.

May 29, 1987.

the Debtor sought in opposing the Landlord's

Thomas T. Wood, Independence, Mo., for debtor.

D. Robert Schollars, North Kansas City, Mo., for Security Pacific.

Rick Fink, Chapter 13 Trustee.

### MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtor filed a Chapter 13 petition on April 3, 1987, but had filed neither a plan nor a plan summary by April 20, 1987, when the case was dismissed for said omission. Creditor Security Pacific Finance Corporation had filed a Motion for Relief From the Automatic Stay as well as a Motion to Dismiss. Debtor sought and obtained reinstatement of the Chapter 13 claiming that resolution of either Motion would be dispositive of the issues and was necessary before any plan could be filed. The Court then heard the Motion for Relief From Automatic Stay.

The facts are more than somewhat convoluted and will be stated as succinctly as possible. It appeared that debtor and a former wife had owned a piece of real estate which constituted the family home. When the former wife died, a trust was set up wherein the debtor was the Trustee and also the lifetime beneficiary with a remainder to the children born to the deceased wife. However, it would appear that the debtor possessed the power to convey the real estate. The foregoing is made comprehensible only if the reader understands that the specter of the Internal Revenue Service was looming large on the debtor's horizon and that debtor did much of his own legal work, although there is no indication that debtor ever attended law school. In any event he apparently had the title of Trustee of the Trust of the former wife.

Some time later, in the early present decade, he met, wooed and won the hand of a lady whose name probably was Shannon LaQuita Arnold. However, it seems that the lady was already married to one Ste-

motion.

phen D. Arnold. During the period that debtor thought he was married to the lady, he conveyed, by deed to her the family home. Subsequently she obtained a divorce in Mexico, or he obtained a dissolution, (the record being somewhat confused) and he filed suit in early 1982 to set aside the deed. The defendants in that suit were Stephen Shannon Arnold and Shannon L. Arnold, also known as LaQuita S. Arnold Hayward. On April 6, 1982, a Notice of Lis Pendens was filed with the Recorder of Deeds of Jackson County, Missouri. On July 6, 1982, debtor's suit was dismissed without prejudice, apparently on debtor's own motion.

On July 12, 1982, a Notice of Lis Pendens was filed by debtor with the Recorder of Deeds. It stated inter alia that *"Nelson W. Hayward is preparing a civil action against Stephen Shannon Arnold and Shannon L. Arnold a/k/a LaQuita S. Arnold"*. However, no petition was filed by debtor. In June of 1986, Stephen S. Arnold and Shannon L. Arnold applied to Security Pacific for a loan. The residence was to be the collateral. Security Pacific, inter alia, obtained a commitment for a mortgagee's title policy on June 17, 1986, from Columbian National Title Insurance Company. That company's initial commitment and subsequent mortgagee's title policy issued July 25, 1986, failed to reveal any liens or flaws in the title to the property including the April of 1982 lis pendens or the July of 1982 lis pendens. Security Pacific made the loan in the amount of $27,303.00 to be repaid in 120 installments of $466.50 and at a fixed rate of 16.54% per year. Needless to say, the Arnolds did not make payments on the note and in December of 1986, Security Pacific and the debtor first learned of the existence of each other, much to their respective consternation. Each proceeded in somewhat predictable fashion.

Debtor pro se filed a petition on January 16, 1987, in the Circuit Court of Jackson County, Missouri, entitled "Petition To Refile Original Petition To Set Aside Deeds" naming Shannon L. Arnold, Stephen Shannon Arnold and Stephen D. Arnold as defendants. That suit is still pending. Security Pacific started a foreclosure action

on the real estate. Debtor filed the Chapter 13 and Security Pacific filed the motions set out above. Security Pacific argues that the automatic stay should not affect it because the property is in the name of a party who is not a party in interest and that not only is debtor not the owner, but debtor has no interest. The Court is not so sure that Security Pacific's initial thrust is well taken. Debtor has been since 1977 residing in the property and depending upon the outcome of his state court action, debtor may be the owner of some interest in said property. Neither side produced any evidence as to that precise issue and this Court should not usurp the function of the state court, particularly when there is insufficient evidence for any rational ruling and all the parties affected by such a ruling are not before the Court or on notice of this Court's possible intervention or possibly even subject to this Court's jurisdiction. *In re Friendship Medical Center, Ltd.*, 710 F.2d 1297, 1302 (7th Cir.1983). While neither side offered any credible evidence as to the market value of the residence, the Court certainly can infer that neither the $27,303.00 loan nor the $30,474.70 balance presently due represents 100% of the market value. If the Court were forced to set a value, the Court would presume that $30,000.00 is around 70% to 80% of the market value. If so, then there is some $5,000.00 to $12,000.00 in equity above and beyond the deed of trust balance that belongs to the Arnolds or to the debtor. Precisely to whom will probably depend on the outcome of debtor's state court action. Finally, debtor is now and has been living in the house since at least 1977 as something more than a tenant at sufferance. *In re Friendship Medical Center, Ltd.*, Ibid.

Although based on the evidence presented, the Court presumably could rule that Security Pacific had failed in its burden of proof that there is no equity in the property, that only prolongs the agony. Debtor's schedules and his testimony both reveal that his gross income is $416.00 per month. The mortgage payments are $466.50 per month and that clearly reveals that debtor cannot adequately protect Security Pacific nor keep the house if this Court rules that

its deed of trust is valid and enforceable. This then leads to the very crux of the matter, i.e., did the July of 1972 Notice of Lis Pendens put Security Pacific on notice so that its deed of trust is subordinated to a successful result in debtor's state court action. This Court concludes not.

Lis Pendens is a creature of statute. In Missouri, Section 527.260 Mo. R.S. 1949, contains the applicable law in Missouri. That section is as follows:

> 527.260  **Notice of lis pendens in equity action-recording**
>
> In any civil action, based on any equitable right, claim or lien, affecting or designed to affect real estate, the plaintiff shall file for record, with the recorder of deeds of the county in which any such real estate is situated, a written notice of the pendency of the suit, stating the names of the parties, the style of the action and the term of the court to which such suit is brought, and a description of the real estate liable to be affected thereby; and the pendency of such suit shall be constructive notice to purchasers or encumbrancers, only from the time of filing such notice. The recorder shall note the time of receiving such notice, and shall record and index the same in like manner as deeds of real estate are required to be recorded and indexed.

Reading of those words produces two conclusions that defeat debtor's contentions. The first of these is "written notice of the pendency of the suit". The second is "pendency of such suit" both sets contained in the first sentence. To put it in simple vernacular "if you do not have a law suit pending, you do not have a valid lis pendens". The lis pendens is only notice that there is a lawsuit in process. It is the law suit (and its outcome) that may affect the title to real estate not the notice thereof. The notice is only to warn potential dealers with the record owner that they need to consider the law suit. Ergo, if there is no law suit the notice does nothing. A similar situation is found under the Uniform Commercial Code. There the financing statement or UCC1 is merely the notice to the world of a possible security interest and creates no security interest in and of itself. For a discussion of lis pendens and some of the cases interpreting same, see *State ex rel. Shannon v. Crouch*, 645 S.W.2d 204 (Mo.App.1983).

Security Pacific then not only had no notice of the lis pendens, the lis pendens itself was of no effect. This means Security Pacific has a valid and enforceable deed of trust. This Court then will require only one thing further of Security Pacific. It shall produce an order lifting or modifying the stay but conditioning it on some commercially reasonable manner of disposition of the real estate so that the full equity in the property may be realized. This is not to be "court house steps bid in" by the creditor for the amount of debt, interest and costs with a subsequent resale and a handsome profit enriching the 16.54% APR first mortgage lender even further. Hopefully counsel for debtor can explain the benefit to his client of the need for an expeditious sale and accounting of any surplus since he may be able to exempt some $8,000.00 as a homestead. Counsel for creditor and debtor shall report to the Court within fifteen (15) days as to their proposals of an appropriate order in view of this opinion.