CARR *et al.*, *Appellants*, v. CATES *et al.*

**Purchaser Pendente Lite** : LAND. The fact that no *supersedeas* bond was given in a cause involving title to real estate, and appealed to the supreme court, does not help the title of one who purchased from the respondent pending the appeal.

*Appeal from Barry Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*Norman Gibbs* and *John W. Wellshear* for appellants.

(1) The only restitution to which John F. and Delila A. Cates, defendants in *Green v. Cates*, 73 Mo. 115, were entitled upon the reversal of the judgment was of so much of the land in controversy in that suit as still remained, at the date of reversal, in the possession of Nancy M. Green. *Gott v. Powell*, 41 Mo. 416. (2) It is settled beyond controversy that title acquired by virtue of a sale under an erroneous judgment or decree is good and valid, although the judgment or decree should afterwards be reversed, provided there is no stay of execution and no *supersedeas* at the time such sale is made. *Shields v. Powers*, 29 Mo. 315 ; 10 Pet. 473.

*George Hubbert* for respondents.

NORTON, C. J.—This suit is by ejectment to recover possession of the northeast quarter of the southeast quarter of section 35, of township 24, of range 28, in Barry county, in which defendants recovered judgment and plaintiffs appealed.

The following facts stand admitted on the record, viz. : That defendants as husband and wife were the

owners and in possession of the premises in dispute in right of defendant Delila A. Cates ; that one Nancy M. Selvidge, who afterwards intermarried with one John Green, brought an equitable action in the circuit court of Barry county, Missouri, for the purpose of charging defendants as trustees of said title for her use and obtained a decree vesting the title to said premises in her, the said Nancy M. Selridge ; that the said court, on October 14, 1876, entered in that suit a final judgment and decree in favor of said Nancy M. Selridge, and directed that she be placed in possession of said premises, from which said decree and judgment defendants duly appealed to the supreme court of this state at the same term and day at which their motion for a new trial was overruled, to-wit, at the April term, A. D., 1877, as appeared of the record of said circuit court ; that no appeal bond was given and no *supersedeas* granted ; that at the hearing of said cause in the said supreme court at its October term, 1880, and on the twenty-third day of February, 1880, the said supreme court by its judgment duly entered of its record against said Nancy M. Green and husband John Green, reversed and annulled the aforesaid judgment and decree of said circuit court and adjudged that the same should be for naught held and esteemed, and that defendants (appellants there) should be restored to all things which they had lost by reason of said judgment so reversed and annulled as aforesaid ; that afterwards, to-wit, on the fourteenth day of March, 1881, the said circuit court, upon defendants filing therein a duly certified copy of the said judgment of reversal, ordered that a writ of restitution issue upon the said judgment of reversal for the restitution of said premises to defendants, for the reason and on account of the fact that preceding the said appeal, the said judgment of the circuit court had been executed, and that in pursuance of a writ of execution issued thereon, she and her said husband had possession

of said premises; that such writ of restitution was duly issued out of the office of the clerk of the said circuit court, by virtue of which defendants were by the sheriff of said Barry county restored to the possession of said premises on or about the twenty-eighth day of March, A. D., 1881, since which date they have continued in possession thereof; that during the pendency of said cause in the said supreme court upon said appeal, and on or about the sixteenth day of November, 1878, the plaintiffs, with full knowledge of the pending of said cause and appeal, and that said Nancy M. and John. Green's title depended upon the said decree, procured from one John W. Wellshear, who assumed to act for the said Greens, a deed purporting to be from them by said Wellshear, as their attorney in fact, for the said premises. There was also evidence tending to prove that Samuel Carr, when he bought the land in controversy, knew that the Cates had taken an appeal and that the case was pending in the supreme court.

On this state of facts the court, over the objection of plaintiffs, gave the following instruction: "The legal effect of the judgment of the supreme court, in, the case of *Green v. Cates,* introduced in evidence, was, to restore and confirm to defendants the title to the property sued for in this case and no conveyance by a party to that proceeding, while the cause was pending in the supreme court, could defeat such title in favor of any person having actual, constructive or implied notice of the pendency of this action."

The sole question in the case arises on the propriety of this instruction. The property in dispute in this case was the subject-matter of litigation in the suit instituted in the Barry circuit court by Nancy Selridge who afterwards intermarried with Green, and it was during the pendency of that suit on appeal to this court that plaintiff, with knowledge of it, bought the property litigated about, of the plaintiffs litigating it. This state of

facts brings the case within the operation of the prin ciples stated in sections 405 and 406, 1 Story's Equity, where it is said : " A purchase made of property actually in litigation, *pendente lite*, for a valuable consideration, and without any express or implied notice in point of fact, affects the purchaser in the same manner as if he had such notice, and he will accordingly be bound by the judgment or decree in the suit." "Ordinarily, it is true, that the decree of a court binds only the parties and their privies in representation or estate. But he who purchases during the pendency of a suit is held bound by the decree that may be rendered against the person from whom he derives title. * * * As to the right of the parties to the suit the conveyance is treated as if it never had any existence and it does not vary them."

Although no bond was given when the appeal was taken which operated as a *supersedeas*, the effect of the appeal was to continue the litigation.

In discussing this question, in the case of *Real Estate Savings Inst. v. Collonious*, 63 Mo. at page 294, it is said : "Nor is the result at all affected by the small amount of the appeal bond given by the plaintiffs when taking their case before the appellate court, for the obvious reason that whether a bond had been given or not would not change the complexion of the case, since the simple appeal would have operated as effectually, so far as concerns the doctrine in question, as though recognizance for the largest amount had been executed." See also *Pierce v. Stinde*, 11 Mo. App. 364; 2 Sugd. on Vendors, 526, 527; *Jackson v. Andrews*, 7 Wend. 152; *Murray v. Lichbum*, 2 Johns. Ch. 441; *Murray v. Ballon*, 1 Johns. Ch. 565; *Green v. White*, 7 Blackf. [Ind.] 242.

For the reason given, the court committed no error in giving the instruction complained of and the judgment is hereby affirmed. All concur except RAY, J., absent.