STATE of Missouri, ex rel. Doris E.
SHANNON, Plaintiff,

v.

The Honorable James Clifford CROUCH,
Judge of the Circuit Court, 38th
Judicial Circuit, Defendant.

No. 12806.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 3, 1983.

Thomas Strong, Mathew W. Placzek,
John Wooddell, Strong & Placzek, P.C.,
Springfield, for plaintiff.

No appearance for defendant.

PREWITT, Judge.

Plaintiff seeks to prohibit the defendant
from proceeding in an action pending be-
fore him, styled Hugh J. Shannon Irrevoca-
ble Living Trust, Hugh J. Shannon, trustee
v. Doris E. Shannon and William J. Cox,
Recorder of Deeds for the County of Chris-
tian Missouri. It was filed in Christian
County and sought to cancel certain notices
of lis pendens (§ 527.260, RSMo 1978) filed
in Christian County by Doris E. Shannon in
connection with litigation between her and
Hugh J. Shannon, pending in Barry and
Greene Counties.

In this action plaintiff contends that de-
fendant is improperly proceeding because a
separate action does not lie to invalidate a
notice of lis pendens. She also contends
that the venue of that action was improper,
a question we do not reach.

Where a petition reveals that the
plaintiff has not stated, and cannot state, a
cause of action of which the circuit court
would have jurisdiction, prohibition will lie.
*State ex rel. Sisters of St. Mary v. Camp-
bell*, 511 S.W.2d 141, 148 (Mo.App.1974).
See also *State ex rel. State Highway Com-
mission v. Elliott*, 326 S.W.2d 745, 750 (Mo.
banc 1959).

Generally, only on final judgment
adverse to plaintiff's claim can she be
forced to release her notice of lis pendens.
*State ex rel. Leverage Investment Enter-
prises, Ltd. v. Yeaman*, 581 S.W.2d 53, 57
(Mo.App.1979); 51 Am.Jur.2d Lis Pendens,
§ 32, p. 979. See also 3 Merrill On Notice,
§ 1168, p. 91 (1952); 5 Tiffany, The Law of
Real Property, § 1296, p. 85 (1939); 54
C.J.S. Lis Pendens § 28, p. 597. There is
good reason for such a rule. Only by keep-
ing the notice effective can the status quo

be maintained and plaintiff's claim to the property preserved until that claim is finally determined. *State ex rel. Leverage Investment Enterprises, Ltd. v. Yeaman*, supra, 581 S.W.2d at 57 and 58. See also *Bristow v. Thackston*, 187 Mo. 332, 86 S.W. 94, 98 (1905). Ordinarily a notice of lis pendens cannot be cancelled while the action is pending and undetermined except in cases expressly provided for by statute. 54 C.J.S. Lis Pendens, § 37, p. 605. Section 527.260, RSMo 1978, contains no provision for cancellation.

■ The exceptions to this general rule are not applicable here. They are that the notice of lis pendens may be terminated if the suit is dismissed or not diligently prosecuted. See *Bristow v. Thackston*, supra, 86 S.W. at 98; 51 Am.Jur.2d, Lis Pendens, § 33, p. 980 and § 35, p. 982; 54 C.J.S. Lis Pendens, §§ 29–31, pp. 597–599. Neither has occurred here.

■ The authorities stating the general rule may presuppose that the one seeking to cancel the notice is a party to the suit described in it. However, by intervention (See Rule 52.12) a non-party claiming an interest in the property can become a party and multiple suits can be avoided and the notice kept effective until final judgment. To allow a separate suit would conflict with the purpose of the notice. The petition in the underlying action does not state a claim for which relief can be granted nor could an amendment be made which could state a proper action on the theory pursued. Thus the trial court should not entertain that action.

The preliminary order is made permanent.

MAUS, P.J., and HOGAN, J., concur.