**STATE of Missouri ex rel. Bonnie BANNISTER, Relator,**

v.

**The Honorable Steven H. GOLDMAN, Respondent.**

No. ED 90593.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

May 20, 2008.

Application for Transfer to Supreme Court
Denied July 15, 2008.

Application for Transfer Denied
Oct. 28, 2008.

Donald R. Carmody, Teresa Dale Pupillo, St. Louis, MO, for relator.

Angela N. Loehr, St. Charles, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The plaintiff and relator, Bonnie Bannister, petitioned for a writ of prohibition, requesting that the respondent judge be restrained from ordering the release of the *lis pendens* on her former home, which is the subject of litigation pending in the Circuit Court of St. Louis County. The trial court dismissed the buyer of the subject property from the plaintiff's claim in the underlying action, and that dismissal is on appeal before this Court following certification pursuant to Missouri Supreme Court Rule 74.01(b). We issued a preliminary order in prohibition staying release of the *lis pendens* to examine whether a *lis pendens* should remain in effect during appeal. However, we are presented with a more fundamental issue, the trial court's improper Rule 74.01(b) certification of a portion of the underlying litigation, which failed to dispose of one claim, or a distinct judicial unit, in the litigation. Because of this failure, the buyer's dismissal from the plaintiff's claim did not constitute a final judgment, despite the trial court's Rule 74.01(b) certification, and so cannot serve as the basis for release of the *lis pendens*. Therefore, the trial court exceeded its jurisdiction when it ordered the plaintiff to release the *lis pendens*. Our preliminary order in prohibition is made absolute.

### Facts

The defendants, Pulaski Financial Corp. and Pulaski Service Corp. (collectively "the bank"), foreclosed on a deed of trust held on the home of Bonnie Bannister, the plaintiff and relator. The defendant S & P Properties, Inc. ("the buyer") purchased that property at a foreclosure sale. Four days later, the plaintiff filed suit against the bank and the buyer and filed a notice of *lis pendens*. The plaintiff alleged negligent misrepresentation, breach of contract, and wrongful foreclosure and on all counts sought damages and "a declaration that the foreclosure sale is null and void." The petition stated that the buyer "is made a party hereto in that it may claim some interest in the [p]roperty." In its answer, the buyer asserted the affirmative defense that it was an innocent third-party purchaser, unaware of any alleged irregularities or deficiencies in the sale. The buyer also asserted the affirmative defense that the bank had an absolute right to foreclose

on the property because the plaintiff defaulted on the note secured by the deed of trust and failed to cure the default.

The bank filed a counterclaim against the plaintiff and a cross-claim against the buyer, interpleading the excess sale proceeds. The buyer in its answer to the bank's cross-claim averred that the "plaintiff filed a frivolous suit naming [the buyer] as a defendant and filed a *lis pendens*." The buyer sought recovery from the interpleaded funds for actual damages as a result of the *lis pendens*, as well as indemnification for its costs and attorney's fees.

The buyer then moved for judgment on the pleadings, alleging that it bought the property at the foreclosure sale without notice of any defects in the foreclosure proceedings or a purported forbearance agreement between the bank and the plaintiff. The trial court granted the buyer's motion, finding that it was an innocent purchaser of the foreclosed property and dismissing the buyer from the plaintiff's lawsuit. Pursuant to Missouri Supreme Court Rule 74.01(b), the trial court certified its decision regarding the buyer for appeal, finding no just reason for delay in determining that the plaintiff has no right to set aside the foreclosure sale or to claim damages from the buyer. The plaintiff timely appealed. The trial court then ordered release of the *lis pendens* on the subject property so that the buyer could sell the property free of the plaintiff's claim. The plaintiff filed a petition for an extraordinary writ and this Court issued its preliminary order in prohibition.

*Analysis*

▮ A writ of prohibition is not issued as a matter of right, but is left to the sound discretion of the Court in which the petition has been filed. *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855, 856–57 (Mo. banc 2001); *State ex rel. Harness v. Grady,* 201 S.W.3d 48, 50 (Mo.App. E.D.

2006). We will issue a writ of prohibition to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent exercise of extra-jurisdictional power. *State ex rel. Green v. Neill,* 127 S.W.3d 677, 678 (Mo. banc 2004); *Harness,* 201 S.W.3d at 50.

▮ Section 527.060 RSMo. (2000) provides in pertinent part that:

In any civil action, based on any equitable right, claim or lien, affecting or designed to affect real estate, the plaintiff *shall* file for record, with the recorder of deeds of the county in which any such real estate is situated, a written notice of the pendency of the suit ... and the pendency of such suit shall be constructive notice to purchasers or encumbrancers, only from the time of filing such notice.

(Emphasis added.) The *lis pendens* doctrine preserves the situation as it existed when the litigation began so that effect may be given to the rights ultimately established. *Bristow v. Thackston,* 187 Mo. 332, 86 S.W. 94, 98 (1905). The *lis pendens* statute supplements the general recording statutes to protect third parties dealing in good faith in reliance on the public records from secret equitable rights, claims, or liens. *Missouri State Life Ins. Co. v. Russ,* 214 S.W. 860, 864 (Mo.1919). The property may still be conveyed while the *lis pendens* remains in effect. 14 Richard R. Powell, *Powell on Real Property* § 82A.01[1], at 82A–4 (Michael Allen Wolf ed., 2002). During the pendency of the litigation, however, potential buyers are placed on notice that the property may be subjected to the full extent of the relief sought. 14 *id.* § 82A.04[2], at 82A–22. The title of the *lis pendens* purchaser is not affected unless the suit is brought to a successful conclusion against the vendor through whom the purchaser derived title. *Bristow,* 86 S.W. at 98. Generally, only on final judgment

can a party be compelled to release a *lis pendens, State ex rel. Shannon v. Crouch,* 645 S.W.2d 204, 204 (Mo.App. S.D.1983), and generally the right to appeal extends the time for which property remains subject to the *lis pendens* doctrine, 14 Powell § 82A.04[3], at 82A–22–82A–23.

The precise question of whether a *lis pendens* remains effective throughout appeal appears to be undecided in Missouri. Stating that the effect of an appeal is to continue the litigation, however, the Missouri Supreme Court in *Carr v. Cates* held that where a buyer with knowledge of a lawsuit purchased the subject property while the suit was pending on appeal, the buyer would be bound by the judgment that may be rendered against the person from whom the buyer derived title. 96 Mo. 271, 9 S.W. 659, 660 (1888).

Other jurisdictions have expressly held that a *lis pendens* should remain in place during the pendency of appellate review. *See, e.g., Zweber v. Melar Ltd.,* 276 Wis.2d 156, 687 N.W.2d 818, 821 (2004) (holding that "a *lis pendens* may not be discharged until all opportunities for appeal expire or are exhausted, except as provided otherwise by statute."); *Vonmitschke–Collande v. Kramer,* 841 So.2d 481, 482 (Fla.Dist.Ct. App.2002) (concluding that *lis pendens* was in effect and gave notice of the litigation where property was sold while the case was on appeal); *Vance v. Lomas Mortgage USA, Inc.,* 263 Ga. 33, 426 S.E.2d 873, 875 (1993) (holding that valid notice of *lis pendens* remains effective as constructive notice of the action until final judgment has been entered and the time for appeal has expired); *Salas v. Bolagh,* 106 N.M. 613, 747 P.2d 259, 261 (1987) (holding that "the *lis pendens* established by the suit continues until expiration of the time for appeal or until final disposition of the case by the appellate court."); *Group Purchases, Inc. v. Lance Invs., Inc.,* 685 S.W.2d 729, 731–32 (Tex.App.1985) ("The effect of the *lis pendens* continues through the appeal of

the judgment."); *Ashworth v. Hankins,* 241 Ark. 629, 408 S.W.2d 871, 873 (1966) (holding that "the statutory effect of a *lis pendens* follows the litigation to its conclusion," which is "not completed until appellate review is had in cases where appeals are perfected"); *Hart v. Pharaoh,* 359 P.2d 1074, 1079 (Okla.1961) (concluding that *lis pendens* continues through the time within which appeal may be taken). *But see, e.g., Mix v. Superior Court,* 124 Cal.App.4th 987, 21 Cal.Rptr.3d 826, 828 (2004) (concluding that statute requires expungement of *lis pendens* pending appeal where the claimant has lost at the trial level); *American Town Center v. Hall 83 Assoc.,* 912 F.2d 104, 110 (6th Cir.1990) (concluding that where district court determined that plaintiff was unlikely to prevail on merits and equities favored cancellation, district court had jurisdiction to cancel *lis pendens* once complaint dismissed, despite plaintiff's appeal); *Title Guar. and Ins. Co. v. Campbell,* 106 N.M. 272, 742 P.2d 8, 12 (1987) (noting a split of authority on the question of whether a *lis pendens* continues in effect during appeal, but not deciding the issue).

Furthermore, the result here of the trial court's order to release the *lis pendens* is to summarily adjudicate the plaintiff's action to reclaim the foreclosed property. If the *lis pendens* is released, then the buyer will be free to sell the property unencumbered by the plaintiff's claim, and the plaintiff's equitable remedy—to set aside the foreclosure sale and reclaim the property—will be eliminated. Given the potential for irreparable harm to the plaintiff and the public policy behind the *lis pendens* doctrine, our preliminary conclusion is that a *lis pendens* should remain in effect until the time for appeal has expired or appellate review is complete.

■ In this case, however, we encounter a more fundamental difficulty. The trial court certified for appeal, pursuant to Rule

74.01(b), its decision dismissing the buyer as a party. The trial court stated that there was no just reason for delay in determining that the plaintiff had no right to set aside the foreclosure sale or to claim damages against the buyer.

A trial court may enter judgment on a single claim in a case with multiple claims and certify its judgment as final and appealable upon an express determination that no just reason for delay exists. Rule 74.01(b); *Comm. for Educ. Equal. v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994); *Columbia Mut. Ins. Co. v. Epstein,* 200 S.W.3d 547, 549 (Mo.App. E.D.2006). For certification pursuant to Rule 74.01(b), the trial court's decision must dispose of a minimum of one claim. Rule 74.01(b); *Comm. for Educ. Equal.,* 878 S.W.2d at 450; *Columbia,* 200 S.W.3d at 550. A judgment that resolves fewer than all legal issues as to any single claim is not final despite the trial court's designation under Rule 74.01(b). *Id.* Similarly, a judgment that fails to dispose of all remedies asserted as to the same legal rights, leaving some remedies open for future adjudication, does not constitute a final judgment under Rule 74.01(b). *Comm. for Educ. Equal.,* 878 S.W.2d at 450.

The "one claim" required for Rule 74.01(b) certification means one legal right, regardless of whether multiple remedies are sought. *Columbia,* 200 S.W.3d at 550. It means the aggregate of operative facts that give rise to a legally enforceable right. *Id.* In other words, claims are separate if they require proof of different facts and application of distinguishable law, subject to the limitation that severing the claims does not violate the prohibition on splitting a cause of action. *Id.* The Missouri Supreme Court explained that a Rule 74.01(b) certification is effective only when the order disposes of "a distinct judicial unit." *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997).

The required "judicial unit for an appeal" has a settled meaning: "the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim." ... It is "differing," "separate," "distinct" transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim.

*Id.* (Citations omitted.)

Here, the trial court did not dispose of one claim, or a distinct judicial unit, when it dismissed the buyer from the plaintiff's suit. Consequently, the Rule 74.01(b) certification was improper. The plaintiff's claims against the bank for negligent misrepresentation, breach of contract, and wrongful foreclosure remain pending, and one of the buyer's asserted affirmative defenses is that the bank had the absolute right to foreclose on the plaintiff's home. The bank's petition in interpleader remains pending against both the plaintiff and the buyer, and the buyer's claim to the excess sale proceeds for damages, costs, and attorney's fees has not been resolved. All of these remaining claims arise out of the same transaction and require proof of the same set of facts. The claim of wrongful foreclosure pending against the bank is the very same claim from which the trial court dismissed the buyer and requires application of the same law to resolve. The trial court did not dispose of "one claim." *Comm. for Educ. Equal.,* 878 S.W.2d at 451. Unlike the *Gibson* case, where the court dismissed all counts against one party, no party in the instant case has been entirely discharged from the litigation because the buyer's claim for damages, costs, and attorney's fees from the interpleaded funds remains pending in the trial court.

Resolution of the plaintiff's misrepresentation, breach of contract, and

wrongful foreclosure claims could affect the outcome of the interpleader action because, if the foreclosure sale were set aside, there would be no excess sale proceeds to distribute. Moreover, the buyer has claimed that the plaintiff filed a frivolous lawsuit and has asserted a claim for damages, costs, and attorney's fees against the excess sale proceeds, which would normally be returned to the plaintiff should the foreclosure sale ultimately be upheld. The trial court's judgment on the pleadings neither explicitly nor implicitly resolved this claim against the interpleaded funds. For these reasons, the plaintiff's claims as they relate to the buyer are not "differing," "separate," or "distinct" occurrences, but rather require proof of the same set of facts and application of the same law to resolve as the plaintiff's remaining claims against the bank and the still-pending claims against the interpleaded funds.[1]

### Conclusion

Because the trial court did not dispose of one claim, or a distinct judicial unit, the trial court's dismissal of the buyer from the plaintiff's claim does not constitute a final judgment, notwithstanding the trial court's Rule 74.01(b) certification. And, absent a final judgment, the *lis pendens* cannot be released. *Shannon*, 645 S.W.2d at 204–05. The trial court exceeded its jurisdiction when it ordered the plaintiff to release her *lis pendens*. Our preliminary order in prohibition is made absolute.

CLIFFORD H. AHRENS, J., and BOOKER T. SHAW, J., concur.

1. Even if we were to assume that one claim was resolved, we would still find that the Rule 74.01(b) determination was improper in this case. The trial court has discretion to declare its judgment final upon a finding of "no just reason for delay" pursuant to Rule 74.01(b), assuming at least one claim is fully resolved. *Comm. for Educ. Equal.*, 878 S.W.2d at 453. However, where the circumstances of the case and judgment are wholly inconsistent with a finding of no just reason for delay, such a finding is an abuse of discretion. *Id.* Missouri Courts apply a four-factor test in deciding whether Rule 74.01(b) certification is proper and whether there is, in fact, no just reason for delay. *ARC Industries, Inc. v. Sie-gel–Robert, Inc.*, 157 S.W.3d 344, 346 (Mo. App. E.D.2005). The four factors are: 1) whether the action remains pending in the trial court as to all parties; 2) whether similar relief can be awarded in each separate count; 3) whether determination of the claims pending in the trial court would moot the claim being appealed; and 4) whether the factual underpinnings of all the claims are intertwined. *Id.* As discussed above, the action remains pending in the trial court as to all parties and the factual underpinnings of the claims are inextricably intertwined, thus rendering the trial court's Rule 74.01(b) determination an abuse of discretion and improper in any event.