**CHRISTIAN COUNTY, Missouri,**
**Appellant,**

v.

**MISSOURI PARTNERS,**
**INC., Respondent.**

**No. SD 29551.**

Missouri Court of Appeals,
Southern District,
Division One.

March 23, 2010.

Patrick J. Platter & Richard L. Schnake, Neale & Newman, L.L.P., Springfield, James H. Ensz, Ensz & Jester, P.C., Kansas City, for Appellant.

Bryan O. Wade and Ginger K. Gooch, Husch Blackwell Sanders LLP, Springfield, Respondent.

ROBERT S. BARNEY, Judge.

Raising three points of trial court error, Appellant Christian County, Missouri ("Christian County"), appeals the judgment of the trial court denying its "Petition for Permanent Injunction" in which it requested a permanent injunction, a temporary injunction and a temporary restraining order against residential and commercial real estate developer, Missouri Partners, Inc. ("MPI").

In the litigation giving rise to this appeal, Christian County sought to prevent MPI from developing, marketing and selling 20–acre tracts, referred to by MPI as "ranchettes," as part of its 1,660 acre Terrell Creek Development project ("Terrell Creek") without first obtaining a Division III permit that Christian County contended was mandated by the Unified Development Codes for Christian County ("the Codes") and the Christian County Planning and Zoning Commission ("the Commission").[1] MPI maintained the Codes provided that agricultural land use was not subject to the requirements exacted by the Codes; accordingly, Terrell Creek, consisting of 20–acre tracts which MPI contended were devoted to agricultural purposes, was not regulated by the Commission and was free from the permitting process and other

---

1. As best we discern, the Codes established three levels of permit. Subject to other requirements of the Codes, a Division I permit is required to create an administrative minor subdivision with no more than three tracts; a Division II permit is necessary to re-subdivide or re-plat certain property; and a Division III permit is necessary to create a subdivision of four lots or more and to create a commercial tract.

requirements of the Codes. Christian County, on the other hand, asserted MPI's interpretation was incorrect in that the 20–acre tracts were more residential in character than agricultural and that MPI must indeed comply with the permitting provisions of the Codes.

In response to Christian County's petition, MPI filed a "Counterclaim" seeking damages pursuant to 42 U.S.C. section 1983 under several theories against Christian County and the acting administrator of the Christian County Planning & Zoning Department, Glenda Hammons ("Ms. Hammons"), in her official capacity.

In Count I of its counterclaim, MPI asserted its due process rights were violated by the actions, statements, and interference of Christian County and Ms. Hammons which caused it to lose sales and expend money in its efforts to develop Terrell Creek. It then sought, *inter alia*, damages in the amount of $7,578,720.00 together with exemplary damages, pre-judgment interest, post-judgment interest, costs and attorney fees.

In Count II of its counterclaim, MPI further alleged that Christian County and Ms. Hammons violated MPI's equal protection rights by "intentionally, capriciously, and arbitrarily discriminat[ing] against ..." MPI throughout the application and permitting process in an effort to "harm the value of property in [Terrell Creek] ..., to hinder [MPI's] freedom to sell it, and to damage [MPI's] business and profitability" such that MPI "suffered proximate and consequential damages ... in an amount not less than $7,578,720.00 ..." together with exemplary damages, pre-judgment interest, post-judgment interest, costs and attorney fees.

On November 8, 2008, the trial court entered its judgment in which it found "in favor of [MPI] and against [Christian County] on Counts I, II and III of [Christian County's] petition. [Christian County] has failed to meet its burden to prove that it is entitled to injunctive relief." The trial court also determined that MPI's

proposed marketing and sales of subdivided tracts of 20[-]acres or larger is not governed by [the Codes]. This finding it consistent with [the] interpretation given by [Ms.] Hammons ... and [the previous trial court] in [its] order dated December 18, 2006.

Further, the court finds that this matter was previously litigated in a civil lawsuit [2] ... and [Christian County] is collaterally estopped to now claim that subdividing and selling 20[-]acre tracts or larger violates the [Codes].

[Christian County] has acted arbitrarily and capriciously in refusing to cooperate with [MPI] in allowing its sale and disposition of its property, and the court further finds that [MPI] may complete the paving of Terrell Creek Road consistent with [the previous court] order dated December 18, 2006. Any refusal, delay, or lack of cooperation by [Christian County] in allowing [MPI] to complete the road or market or sell 20[-]acre tracts or larger will be consid-

---

2. This reference is to an earlier lawsuit between MPI and Christian County, which was styled *Christian County v. Missouri Partners, Inc.*, Case No. 06CT–CV01137. In that litigation, Judge James Eiffert entered a preliminary injunction prohibiting MPI "from performing further work on Terrell Creek Boulevard pending Christian County issuing ... the appropriate flood plain permit and Division I permit." The trial court also ordered that upon issuance of the permits or notification that the permits were not required, the preliminary injunction would expire. As best we discern this litigation was settled and the injunction was dismissed after Christian County issued its Division I permit, with several conditions placed upon it, and a flood plain development permit.

ered by this court to be in violation of this judgment and order.

This judgment disposes of only the claims of [Christian County] and not the [C]ounterclaim of [MPI] and there is no just reason for delay.

This appeal by Appellant followed.

 Here, it is apparent that the trial court certified its judgment as appealable pursuant to Rule 74.01(b).[3] None of the parties question the authority of the trial court to certify its judgment as appealable under Rule 74.01(b). Although none of the parties have raised the issue, this Court has a duty to determine *sua sponte* whether it has the authority to address the merits of Christian County's appeal. *Hall v. Wal–Mart Stores, Inc.*, 287 S.W.3d 714, 715 (Mo.App.2009). Generally, an appeal lies only from a final judgment that disposes of all issues and parties, leaving nothing for future consideration. *Cramer v. Smoot*, 291 S.W.3d 337, 339 (Mo.App.2009); see section 512.020(5).[4]

Rule 74.01(b) provides an exception to this finality rule for cases with multiple claims. A trial court may enter judgment on less than all claims and certify that there is no just reason for delay. The designation by a trial court that its order is final and appealable is not conclusive. It is the content, substance, and effect of the order that determines finality and appealability.

*Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997) (internal citations and quotations omitted). "Although a circuit court may designate its judgment final as to particular claims, this designation is effective only when the order disposes of a distinct 'judicial unit.'" *Id.* (quoting *Erslon v. Cusumano*, 691 S.W.2d 310, 312 (Mo.App.1985), *abrogated on other grounds by Speck v. Union Elec. Co.*, 731 S.W.2d 16 (Mo. banc 1987)). "The required 'judicial unit for an appeal' has a settled meaning: 'the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim.'" *Id.* (quoting *State ex rel State Hwy. Comm'n v. Smith*, 303 S.W.2d 120, 123 (Mo.1957)). Consequently, "'[a]n order ... stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation.'" *Id.* (quoting *Weir v. Brune*, 364 Mo. 415, 262 S.W.2d 597, 600 (1953)). "'It is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim.'" *Columbia Mut. Ins. Co. v. Epstein*, 200 S.W.3d 547, 551 (Mo.App.2006) (quoting *Gibson*, 952 S.W.2d at 244). Such "claims are separate if they require proof of different facts and application of distinguishable

---

**3.** Rule 74.01(b) sets out that

[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabili-

ties of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

All rule references are to Missouri Court Rule (2008).

**4.** All statutory references are to RSMo Cum. Supp.2004.

law, subject to the limitation that severing claims does not run afoul of the doctrine forbidding splitting a cause of action."[5] *Id.* at 550.

■ In the present matter, this Court entered a show cause order relating to the finality of the judgment entered by the trial court and Christian County filed a response to the order to show cause. In its response, it maintained the parties' claims were distinct because it sought injunctive relief for its perceived violations of the Codes while the counterclaim filed by MPI sought money damages for alleged intentional misconduct committed against it. Further, Christian County maintains that as to Ms. Hammons, the counterclaim was actually a third-party claim in that it was filed against Ms. Hammons, who was not originally a party to the lawsuit, such that there were different parties involved in the original petition and in the counterclaim. Accordingly, Christian County asserts that MPI's contentions were not inextricably linked to those found in Christian County's petition and the trial court was correct in its Rule 74.01(b) designation. This Court disagrees.

■ In the present matter, the Judgment did not consider MPI's counterclaims despite the fact that the allegations were inextricably intertwined with the issues raised in the Christian County petition under scrutiny. The wrongful acts which MPI asserts were committed by Christian County and Ms. Hammons occurred during MPI's application process with Christian County under the Codes. While the trial court determined MPI was not subject to the Codes, the trial court left unresolved the issue of whether MPI's rights were violated by Christian County during the application process and the concomitant litigation such that those issues remain open for future adjudication. Claims are separate only if they require proof of different facts and application of distinguishable law. *Columbia Mut. Ins. Co.,* 200 S.W.3d at 551. Here, the issues in this case arise out of the same transactions and occurrences such that they are inextricably intertwined, involve the same parties or an agent of one of the parties and share the same factual foundation. They require the same law and facts to resolve MPI's remaining claims against Christian County. *Id.* at 286. Indeed, the damages MPI requested in their counterclaim would not arise independent of the original claims asserted by Christian County. *Lumbermens Mut. Cas. v. Thornton,* 36 S.W.3d 398, 405 (Mo.App.2000). "A judgment that resolves fewer than all legal issues as to any single claim is not final despite the trial court's designation under Rule 74.01(b)." *State ex rel Bannister v. Goldman,* 265 S.W.3d 280, 285 (Mo.App.2008).[6] Here, the trial court did not dispose of one

---

5. To determine "whether or not a cause of action is single and cannot be split ..." this Court examines: "1) whether the actions brought arise out of the same act, contract, or transaction; or 2) whether the parties, subject matter, and evidence necessary to sustain the claim are the same in both actions." *Id.* at 550–51.

6. "Missouri Courts apply a four-factor test in deciding whether Rule 74.01(b) certification is proper and whether there is, in fact, no just reason for delay." *Bannister,* 265 S.W.3d at 286 n. 1.

The four factors are: 1) whether the action remains pending in the trial court as to all parties; 2) whether similar relief can be awarded in each separate count; 3) whether determination of the claims pending in the trial court would moot the claim being appealed; and 4) whether the factual underpinning of all the claims are intertwined.
*Id.; see Saganis–Noonan v. Koenig,* 857 S.W.2d 499, 501 (Mo.App.1993).

claim, or a distinct judicial unit, when it entered its judgment in favor of MPI. *Id.* Consequently, the Rule 74.01(b) certification was improper and constituted an abuse of discretion. *See Comm. for Educ. Equal. v. State,* 878 S.W.2d 446, 452–53 (Mo. banc 1994). This appeal is dismissed.

BATES, P.J., and BURRELL, J., concur.