

# IN THE MISSOURI COURT OF APPEALS
## SOUTHERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI ex rel. KEVIN KNASEL, | ) ) | |
| Relator, | ) ) | |
| v. | ) ) | SD37861 |
| THE HONORABLE JASON R. BROWN, | ) ) ) | FILED: January 26, 2023 |
| Respondent. | ) | |

### Original Proceeding on Petition for Writ of Mandamus

**Before Special Writ Division: Gary M. Gaertner, Jr., P.J., and
Alok Ahuja and Robert M. Clayton, III, JJ.**

Relator Kevin Knasel filed a "caution" with the Registrar of Lands in Belize, claiming that he held an interest in certain real estate located in San Pedro, Belize. The caution related to a lawsuit Knasel had filed against the property's owners in the Circuit Court of Greene County. Under Belizean law, the caution prevented any further transactions involving the land from being registered.

Defendants in the underlying lawsuit contended that Knasel's filing of the caution violated the forum-selection clause in a contract between the parties, and they filed a motion asking the circuit court to order Knasel to remove the caution. On December 21, 2022, the circuit court entered an order requiring Knasel to remove the caution within ten days. Knasel filed a petition in this Court seeking a writ of mandamus or prohibition directing the circuit court to set aside its order. We issued a preliminary order in mandamus on December 29, 2022, and stayed the circuit court's order. Respondent answered and filed suggestions in opposition. We

now hold that the circuit court erroneously concluded that Knasel's filing of the caution violated the contractual forum-selection clause. Accordingly, we dispense with further briefing and oral argument in accordance with Rule 84.04(i), and issue our permanent writ in mandamus, ordering the circuit court to vacate its Order To Remove Caution and Mandating Escrow.[1]

## Factual and Procedural Background

On July 27, 2019, Knasel and Flynt Ray entered into a "Memorandum of Agreement Regarding Business Organization and Formation."[2] Generally, the Memorandum of Agreement contemplated that the parties would engage in a joint business enterprise involving the development of certain real estate in San Pedro, Belize, and the eventual marketing and sale of lots and condominium units to third parties for their use or rental. The Memorandum of Agreement contemplated that Knasel and Flynt would each make contributions of real estate and/or cash to the business enterprise. Certain of the parties' contributions would be treated as capital contributions, and others as loans.

Paragraph 19 of the Memorandum of Agreement provided in relevant part:

> ***Dispute Resolution.*** The Parties shall attempt to resolve any dispute through amicable discussions, with or without a mediator, before commencing litigation. If the parties are not able to resolve their dispute within thirty (30) days, then any controversy arising out of, or relating to this Agreement . . ., including, but not limited to, the

---

[1] Judges Gaertner and Clayton are members of the Missouri Court of Appeals, Eastern District; Judge Ahuja serves on the Western District. The Missouri Supreme Court transferred Judges Gaertner, Ahuja and Clayton to the Southern District to decide this case following the recusal of the judges of the Southern District.

[2] The parties hotly dispute the extent of their respective rights and obligations under the Memorandum of Agreement. For purposes of this writ proceeding, we describe the terms of the Agreement only in broad outline. Although we construe the Memorandum of Agreement's forum-selection clause, this opinion should not be read as addressing (or resolving) any of the parties' other interpretive disputes concerning the Agreement.

interpretation, performance, or breach thereof, and any claim for damages, rescission, indemnification, or equitable relief, shall be (if possible) brought in the United States District Court for the Western District of Missouri, Springfield Division if not then in the appropriate court in Greene County Missouri. The law of the State of Missouri (but not including its law concerning conflict of laws) shall govern construction and interpretation of this Agreement and shall govern all controversies arising out of, or relating to this Agreement . . ., including, but not limited to performance or breach thereof, and any claim for damages, rescission, indemnification, or equitable relief.

Knasel filed the underlying lawsuit against Ray and others in the Circuit Court of Greene County on November 11, 2021. *Knasel v. Ray, et al.*, No. 2131-CC01253. Knasel's First Amended Petition, filed on May 27, 2022, is his operative pleading. The First Amended Petition names Ray and ten other individuals and entities as defendants, including Sun-Bay Development Company, Limited, a Belizean corporation.

The First Amended Petition alleges that Knasel has contributed cash and property valued at more than $10 million to the joint business enterprise contemplated by the Memorandum of Agreement as capital contributions and loans. The petition alleges that Ray has failed to fulfill his contractual obligation to contribute assets to the joint enterprise; has used Knasel's contributions for purposes not authorized by the Memorandum of Agreement; has mismanaged the joint business enterprise and misappropriated assets and funds belonging to it; has failed to communicate accurately and adequately with Knasel concerning the joint enterprise; and has engaged in other competing business enterprises in Belize in violation of the Memorandum of Agreement. The First Amended Petition alleges that the other defendants either participated with Ray in his wrongful conduct, and/or were the recipients of money or assets rightfully belonging to the joint business.

Relevant to this writ proceeding, the First Amended Petition alleges that, on October 7, 2020, multiple parcels of property which Ray had promised to contribute to the joint business enterprise

> were mutated, or combined, into a single tract of land described as Parcel 13842, Block 7, San Pedro Registration, and such combined parcel was titled in the name of Sun-Bay, such conduct being procured by Sun-Bay, . . . at the command, inducement, or procurement of Flynt Ray.

In an affidavit filed in the circuit court, Ray described Parcel 13842 as follows:

> Parcel 13842, Sun-Bay Development is comprised of a pool, clubhouse, island and ninety-nine (99) single family lots on canals with direct access to the bay and five minutes from the bay around the tip of the island to the Caribbean; with excellent fishing in the bay and fishing and other water sports such as snorkeling and scuba diving within five minutes by boat from the development to the second largest coral reef in the world which stretches from Belize to Cancun.

Knasel's First Amended Petition asserts claims against Ray for fraud, breach of contract, and breach of fiduciary duty. The petition alleges claims against all defendants for unjust enrichment, conversion, civil conspiracy, and violation of the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq*. The petition prays for an accounting of the operations and finances of the joint business enterprise. In addition, the First Amended Petition seeks preliminary and permanent injunctive relief prohibiting the defendants from operating the joint business, and from selling or otherwise disposing of any of the assets of the business (including Parcel 13842).

On February 10, 2022, while the underlying litigation was pending, Knasel filed a "caution" against Parcel 13842 with the Registrar of Lands in the Belizean Ministry of Natural Resources, Petroleum and Mining. The caution asserts that Knasel holds an "equitable interest" in Parcel 13842. The caution explains:

> I made considerable investment in this property through several of my companies. Those funds were used to construct the buildings, roadways, lands and bridges on the said land. . . . [¶] I also entered

4

into a memorandum of agreement dated July 27th, 2019 regarding the investments. My investment on this property exceeds USD $5,250,827.92.

The caution states that it "forbid[s] the registration of dealings and the making of entries in the register relating [to Parcel 13842] altogether or to the following extent without [Knasel's] consent, until this caution has been withdrawn by [Knasel] or removed by order of the court or of the registrar."

Unlike a *lis pendens* in Missouri, which simply provides notice of a claim potentially affecting title to property,[3] a Belizean caution may prevent transactions affecting the property from being recorded at all. Section 130 of Belize's Registered Land Act, Chapter 194 of the Substantive Laws of Belize, provides in relevant part:

(1)     Any person who –

    (a)     claims any unregistrable interest whatever, in land or a lease or a charge;

    . . . .

may lodge a caution with the Registrar forbidding the registration of dispositions of the land, lease or charge concerned and the making of entries affecting the same.

(2)     A caution may either –

    (a)     forbid the registration of dispositions and the making of entries altogether; or

    (b)     forbid the registration of dispositions and the making of entries to the extent therein expressed.

---

[3] *See* § 527.260, RSMo; *State ex rel. Lemley v. Reno*, 436 S.W.3d 232, 234-35 (Mo. App. E.D. 2013); *First Nat'l Bank of St. Louis v. Ricon, Inc.*, 311 S.W.3d 857, 864 (Mo. App. E.D. 2010); *State ex rel. Bannister v. Goldman*, 265 S.W.3d 280, 283 (Mo. App. E.D. 2008) ("The property may still be conveyed while the *lis pendens* remains in effect. During the pendency of the litigation, however, potential buyers are placed on notice that the property may be subjected to the full extent of the relief sought. The title of the *lis pendens* purchaser is not affected unless the suit is brought to a successful conclusion against the vendor through whom the purchaser derived title." (citations omitted)).

Section 131(2) of the Registered Land Act provides that, "[s]o long as a caution remains registered no disposition which is inconsistent with it shall be registered except with the consent of the cautioner or by order of the court."

On March 2, 2022, Sun-Bay filed an application with the Registrar of Lands to have the caution removed. Sun-Bay's application was signed by Ray as a Sun-Bay Director. Sun-Bay's application contended that it was "a stranger" to the Memorandum of Agreement between Knasel and Ray, and that Parcel 13842 was not identified in, or subject to, the Memorandum of Agreement. Sun-Bay's application also contended that, by filing the caution, Knasel had violated ¶ 19 of the Memorandum of Agreement, which specified that disputes between Knasel and Ray would be resolved in the federal or State courts in Greene County.

On May 6, 2022, the Belizean Registrar of Lands advised Knasel by letter that he must respond to Sun-Bay's application to remove the caution within thirty days, "show[ing] just cause why the caution should not be removed." Ray and Sun-Bay have asserted that Knasel did not file a timely written objection to removal of the caution. Section 132(2)(b) of the Registered Land Act provides that "the Registrar may remove the caution" if no timely objection to removal is received from the cautioner. Ray and Sun-Bay allege, however, that Belizean authorities have taken no action to remove the caution from Parcel 13842.

Having obtained no relief from Belizean authorities, Ray filed a Motion for Anti-Suit Injunction in the circuit court on October 11, 2022; Sun-Bay later joined in the motion. (With respect to the legal arguments they have made in the circuit court and in this Court, we refer to Ray and Sun-Bay collectively as "Ray" unless the context requires otherwise.)

In his suggestions in support of the Motion for Anti-Suit Injunction, Ray argued that, "a Caution, similar to an Injunction, . . . prevents a landowner from registering any transactions in the Belizean Registrar thereby preventing any sales

6

or transfers of the property." Ray asserted that, by seeking such relief in Belize, Knasel had violated the forum-selection clause in the Memorandum of Agreement. Ray noted that the First Amended Petition prayed for equitable relief involving Parcel 13842; he argued that Knasel should have prosecuted that request in the circuit court, rather than filing the caution in Belize. Ray also argued that he could not seek a court order in Belize requiring the Registrar of Lands to remove the caution without himself violating the Memorandum of Agreement's forum-selection clause, and that his proper remedy was an injunction entered by the circuit court. Ray argued that concerns for international comity did not prevent the circuit court from issuing an injunction, because "a Caution is essentially a combination of a Lis Pendens and an Injunction. It is not a legal proceeding."

Ray submitted an affidavit in connection with the Motion for Anti-Suit Injunction. Ray's affidavit asserted that, "prior to the Caution," Sun-Bay "had sold eleven (11) condos and two (2) lots [in Parcel 13842], with ninety-seven (97) lots remaining." Knasel asserted that, during discovery, Ray had produced contracts reflecting the sale of eleven "units" in Parcel 13842 for a total gross sales price of $2.4 million.

Ray's affidavit contended that, because of the caution, Sun-Bay had lost potential property sales to seven named individuals who "have given up on purchasing in Sun-Bay." Ray's affidavit asserted that the caution prevented Sun-Bay from recording a "strata" title for the property, which would allow the property to be subdivided into individual lots and condominium units (similar to a condominium or subdivision plat). Ray also contended that the caution had caused him, and Sun-Bay, severe reputational damage in the small real-estate development community in San Pedro, and that it had prevented the people who had already purchased units and lots from selling or leasing their properties. Ray asserted that some of those purchasers had threatened him with litigation due to

7

the effect of the caution on their properties. Ray's affidavit also contended that "[t]he Caution . . . makes the property uninsurable and, thus, commercially worthless."

In his opposition to the Motion for Anti-Suit Injunction, Knasel contended that he had an interest in Parcel 13842, both because the property had been acquired and improved with his money, but also because Ray had promised in the Memorandum of Agreement to contribute property comprising Parcel 13842 to the parties' joint business enterprise.

Knasel argued that Ray's claim that the caution violated the Memorandum of Agreement was inconsistent with Ray's assertions in Belize that neither Sun-Bay, nor Parcel 13842, were subject to the Memorandum of Agreement. Knasel also contended that the filing of a caution in the Belizean land records was not the sort of legal proceeding subject to the Memorandum of Agreement's forum-selection clause. Knasel insisted that Ray had an adequate remedy at law by pursuing in Belize the administrative and judicial remedies specified in the Registered Land Act to have the caution removed, or to recover damages if the caution had been wrongfully filed.

Knasel's opposition asserted that he had made contributions to the joint business of more than $9.5 million. Based on his contributions, Knasel claimed to own 60% of the joint enterprise – including Parcel 13842. Knasel asserted that Parcel 13842 was the most valuable asset held by the joint business. He contended that, if the caution were lifted, Parcel 13842 could be transferred to other persons or entities, or a "strata plan" could be filed which would have the effect of subdividing the property and transferring ownership to a newly created corporation similar to a homeowner's association. Knasel argued that any intervening transactions could not later be undone if he prevailed, and that the property's value would no longer be available to satisfy his claims. Knasel also pointed out that, under § 133 of the

8

Belizean Registered Land Act, "[t]he Registrar may refuse to accept a further caution by the same person or anyone on his behalf in relation to the same matter as a previous registered caution." Knasel accordingly argued that, if he were ordered to remove the caution, he could not thereafter reinstate it.

Knasel contended in the alternative that, before issuing a preliminary injunction ordering him to remove the caution, the circuit court was obligated to require Ray to post a bond, or deposit cash with the court, at least equal to the value of Knasel's investment in the joint business venture.

On December 21, 2022, the circuit court entered its Order to Remove Caution and Mandating Escrow, granting Ray the relief he had requested.[4] The circuit court found that "[t]he Caution, by its terms, prohibits the Registration of transfers of title to any lot or condominium that is a part of the Property and clouds title to the Property," causing "irreparabl[e] damage[ ]" to Sun-Bay and to third-party purchasers. The court concluded that "[m]andating removal of the Caution is justified because it would be inequitable, unfair, and unjust to allow [Knasel] to seek enforcement of the [Memorandum of Agreement] in Missouri while simultaneously violating the [Agreement] through the filing and maintaining of a Caution in Belize."

The circuit court ordered that Knasel "take all actions necessary to remove the Caution" within ten days, or provide a written report explaining what actions Knasel had taken, and why the caution had not been lifted. Ray was authorized to sell units or lots in Parcel 13842 at fair market value to third-party purchasers so long as he promptly accounted for those transactions. Ray was also ordered to "take

---

[4] The Order to Remove Caution and Mandating Escrow was entered by Circuit Judge Jason R. Brown, who was named as the Respondent in Knasel's writ petition. Judge Brown retired from the bench effective on December 31, 2022. The underlying lawsuit has since been reassigned to Judge Joshua Boyd Christensen.

9

all actions necessary to cause 50% of the net revenue received from the sale of lots and condominiums on the Property to be transferred into escrow" in the Jupiter, Florida bank account of his real estate agent's Belizean attorney. Funds could only be released from the escrow by order of the court, or by consent of all parties.

Knasel filed his Petition for Writ of Mandamus or, in the Alternative, for Writ of Prohibition in this Court on December 23, 2022. We issued our Preliminary Order in Mandamus on December 29, 2022. The Preliminary Order stayed the circuit court's Order to Remove Caution and Mandating Escrow pending further order of this Court.

## Discussion

## I.

> This Court has the authority to issue and determine original remedial writs. Mo. Const. art. V, sec. 4.1. "Mandamus is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal." To be entitled to mandamus, a relator "must allege and prove . . . a clear, unequivocal, specific right to a thing claimed."

*State ex rel. Vacation Mgmt. Solutions, LLC v. Moriarty*, 610 S.W.3d 700, 701-02 (Mo. 2020) (citations omitted).

Knasel's writ petition requested, in the alternative, that this Court issue a writ of mandamus or prohibition. We do not concern ourselves with any distinction which may exist between the two writs. As the Supreme Court has explained,

> to the extent that it could be argued that prohibition rather than mandamus is the more appropriate writ, this Court has noted, "[T]he distinction between prohibition and mandamus is often elusive and sometimes only serves to create confusion for parties." . . . [T]his confusion has led the court of appeals to hold that distinctions between the two types of writs are anachronistic and that, in modem practice, "[t]he distinction between mandamus and prohibition is at best blurred, at worst nonexistent, and the subject matter to which the two writs apply overlap to a great extent."

10

*State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 806-07 (Mo. 2015) (quoting *State ex rel. Unnerstall v. Berkemeyer*, 298 S.W.3d 513, 515–16 (Mo. 2009)).

## II.

Knasel argues that the circuit court exceeded its authority in ordering him to remove the caution from Parcel 13842 for three reasons: (1) the court did not require Ray to post a bond complying with § 526.070, RSMo and Rule 92.02(d); (2) the court afforded a remedy to Ray even though he has not established a legal basis for the award of injunctive relief; and (3) the court's order fails to adequately describe the conduct ordered or prohibited. We find it necessary to address only one of the issues raised by Knasel: that the circuit court erroneously concluded that injunctive relief was justified because Knasel's filing of the caution violated the Memorandum of Agreement's forum-selection clause.

Construction of the Memorandum of Agreement's forum-selection clause presents an issue of contract interpretation.

> Contract interpretation is a question of law, which this Court . . . reviews *de novo*. "The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention." Unless the contract is ambiguous, the intent of the parties is determined based on the contract alone, not on extrinsic or parol evidence. "[T]he intent of the parties to a contract is expressed by the natural and ordinary meaning of the language referable to it."

*Am. Fed'n of State, Cnty. & Mun. Employees v. State*, 653 S.W.3d 111, 127 (Mo. 2022) (citations omitted). "[T]he contract's terms 'are read as a whole.'" *Trustees of Clayton Terr. Subdiv. v. 6 Clayton Terr., LLC*, 585 S.W.3d 269, 280 (Mo. 2019) (citation omitted). In interpreting particular words in a contract, we look at the context in which those words are used. *Chadwick v. Huntoon*, 634 S.W.3d 832, 839 (Mo. App. S.D. 2021) (citing *McGuire v. Lindsay*, 496 S.W.3d 599, 607 (Mo. App. E.D. 2016)).

11

The forum-selection clause on which Ray relies appears in ¶ 19 of the parties' Memorandum of Agreement. It provides:

> ***Dispute Resolution.*** The Parties shall attempt to resolve any dispute through amicable discussions, with or without a mediator, before commencing litigation. If the parties are not able to resolve their dispute within thirty (30) days, then any controversy arising out of, or relating to this Agreement . . ., including, but not limited to, the interpretation, performance, or breach thereof, and any claim for damages, rescission, indemnification, or equitable relief, shall be (if possible) brought in the United States District Court for the Western District of Missouri, Springfield Division if not then in the appropriate court in Greene County Missouri.

Ray seizes on the fact that ¶ 19 refers to the submission of "any controversy" to the courts in Greene County, and that it specifies that those courts shall be the exclusive forum for "any claim for . . . equitable relief." Ray argues that the caution reflects an ongoing "controversy" between Knasel and Ray/Sun-Bay, and that the caution constitutes "equitable relief" because, under Belize's Registered Land Act, it has the effect of prohibiting the registration of any transactions affecting title to the property in question.

Ray's argument improperly reads select words from the forum-selection clause in isolation, without considering the context in which they appear. Read in context, the forum-selection provision only dictates the venue for cases which are submitted for decision before a court or other dispute-resolution tribunal. Paragraph 19 of the Memorandum of Agreement is headed "***Dispute Resolution***," indicating that the paragraph addresses the manner in which the parties' disputes will be *decided* or *settled*. The first sentence of ¶ 19 specifies that the parties "shall attempt to resolve any dispute through amicable discussions . . . *before commencing litigation*." (Emphasis added.) The forum-selection provision on which Ray relies, the second sentence of ¶ 19, plainly addresses the *litigation* which may be commenced if a dispute is not amicably resolved: it begins by declaring that it is

12

only applicable "[i]f the parties are not able to resolve their dispute within thirty (30) days," and then specifies the *courts* in which "claim[s] for damages, rescission, indemnification, or equitable relief, shall be . . . brought."

Knasel's filing of a caution did not invoke a "dispute resolution" mechanism; it did not "commence litigation"; and it did not bring a "claim for equitable relief" against Ray or Sun-Bay. A caution does not itself trigger the *resolution* of the cautioner's claim to an interest in property – it merely preserves the *status quo* until the cautioner's claimed interest is resolved. Nor does the filing of a caution constitute the "commence[ment] [of] litigation" under Missouri law. *See Erdman v. Auer*, 444 S.W.2d 427, 433 (Mo. 1969) (filing of petitions with school superintendent to consolidate or alter boundaries of school district did not constitute "pending litigation" which prevented school district from issuing bonds, since the petitions "have not ripened into pending litigation *in any court*" (emphasis added)). Notably, in the suggestions in support of his Motion for Anti-Suit Injunction, Ray himself acknowledged that the filing of the caution "is not a legal proceeding."

It is also inaccurate for Ray to contend that Knasel's filing of the caution constituted the assertion of a "claim for equitable relief." As the Missouri Supreme Court has explained, a "claim for relief" is generally understood to mean the formal assertion of a legal right *in judicial proceedings*.

> Black's Law Dictionary defines a "claim," also termed a "claim for relief," as "[a] demand for money, property, or a legal remedy to which one asserts a right; esp., the part of a complaint in a civil action specifying what relief the plaintiff asks for." A "claim" is also defined as "[t]he aggregate of operative facts giving rise to a right enforceable by a court <the plaintiff's short, plain statement about the crash established the claim>." The above definitions indicate that a "claim for relief" encompasses only those legal claims asserted in a party's pleadings.

*Buemi v. Kerckhoff*, 359 S.W.3d 16, 21 (Mo. 2011) (quoting BLACK'S LAW DICTIONARY 281–82 (9th ed. 2009)). This reading of the term "claim for equitable relief" is

confirmed by the fact that the second sentence of ¶ 19 contemplates that such a claim "shall be . . . brought" in the federal or State courts in Greene County.

We also find it significant that Belize is the *only* place where Knasel can file a caution against Parcel 13842. A caution is a protective self-help mechanism which operates *in rem*, and can only be exercised where the relevant property is located. To state the obvious, Knasel cannot file a caution against Parcel 13842 in the Circuit Court of Greene County. Paragraph 19 of the Memorandum of Agreement only purports to specify *where* the parties must assert their claims; it does not purport to limit their substantive legal rights. If we accepted Ray's reading of ¶ 19, however, it would deny Knasel *any* opportunity to assert a caution against Parcel 13842, even though Belize's Registered Land Act makes that device available to parties like Knasel who claim an interest in Belizean property. Ray's reading of ¶ 19 would have the effect of completely denying Knasel any right to assert a caution, anywhere. This would go well beyond merely *selecting a forum* for resolution of the parties' disputes, and would instead wholly deny Knasel an important statutory right.

Although there are important differences, a Belizean caution is similar in certain respects to the *lis pendens* recognized under Missouri law. *See* § 527.260, RSMo. Missouri caselaw recognizes that a *lis pendens* merely maintains the status quo until the parties' respective claims to property are resolved in separate litigation.

> The *lis pendens* doctrine preserves the situation as it existed when the litigation began so that effect may be given to the rights ultimately established. . . . Generally, only on final judgment can a party be compelled to release a *lis pendens*, and generally the right to appeal extends the time for which property remains subject to the *lis pendens* doctrine.

*State ex rel. Bannister v. Goldman*, 265 S.W.3d 280, 283–84 (Mo. App. E.D. 2008) (citations omitted); *accord*, *State ex rel. Lemley v. Reno*, 436 S.W.3d 232, 234-35 (Mo.

14

App. E.D. 2013). "Only by keeping the notice effective can the status quo be maintained and plaintiff's claim to the property preserved until that claim is finally determined." *State ex rel. Shannon v. Crouch*, 645 S.W.2d 204, 204-05 (Mo. App. S.D. 1983). Because a *lis pendens* merely maintains the status quo, an action to cancel a *lis pendens* – without a final determination of the parties' substantive rights to the affected property – is generally improper. *Id.* This Missouri caselaw provides some additional support for our conclusion that the circuit court erroneously concluded that the caution violated the Memorandum of Agreement's forum-selection clause.

We recognize that, in response to the filing of a caution, a property owner in Belize may be able to commence judicial or administrative proceedings under the Belizean Registered Land Act to have the caution removed, or to obtain damages in the event it is determined that the caution was lodged or maintained "wrongfully and without reasonable cause." Registered Land Act § 134. We take no position concerning whether the invocation of those administrative or judicial remedies may themselves be subject to the Memorandum of Agreement's forum-selection clause.[5] We also take no position as to whether Ray can seek relief in the circuit court on a basis other than his claim that the caution violated ¶ 19 of the Memorandum of Agreement. We hold only that the filing of the caution does not itself commence the

---

[5]     We note that American courts have taken different positions on an arguably analogous issue: whether proceedings to enforce or extinguish a mechanic's or materialmen's lien on real property may be prosecuted in the jurisdiction where the real property is located, despite a contractual forum-selection clause specifying a different forum. *See, e.g.*, *Morel Constr. Co., LLC v. Richardson Bulldozing, LLC*, 2013-CA-000097-MR, 2014 WL 3548144, at *2–3 (Ky. App. July 18, 2014); *Miller & Solomon Gen. Contractors, Inc. v. Brennan's Glass Co.*, 837 So.2d 1182, 1183-84 (Fla. App. 2003); *RMP Rentals v. Metroplex, Inc.*, 146 S.W.3d 861, 864–66 (Ark. 2004); *id.* at 867-71 (Corbin, J., dissenting); *A.C.E. Elevator Co., Inc. v. V.J.B. Const. Corp.*, 746 N.Y.S.2d 361, 364 (Sup. Ct. 2002).

sort of dispute-resolution proceeding which the Memorandum of Agreement required to be prosecuted in Greene County.

Ray argues that, in October 2020, Knasel purported to terminate the Memorandum of Agreement. The cited provision of the Memorandum of Agreement provides, however, that "all agreements among the parties will terminate" upon payment to Knasel of "an amount equal to [Knasel's] Capital plus the balance of [Knasel's] Loans." According to the allegations of Knasel's First Amended Petition, that payment has not been made. The purported termination of the Memorandum of Agreement does not somehow independently justify the order that Knasel remove the caution.

Ray also argues that a writ of mandamus is unwarranted, because Knasel has an adequate remedy at law by filing a motion for preliminary or permanent injunction in the circuit court, to prohibit Ray or Sun-Bay from selling or transferring any of the property comprising Parcel 13842. Filing of the caution in Belize prohibits the recording of transactions affecting the ownership of Parcel 13842. It is not clear that an order of an American state court can provide equal assurance that the status quo would be maintained, or that subsequent transferees would have notice of Knasel's claims. In addition, as Ray himself acknowledges, in order to obtain a preliminary injunction Knasel would have to present evidence to persuade the circuit court that equitable relief was warranted, and would have to post a bond to secure any potential damages the injunction might cause to Ray. Such an evidentiary showing, and bond, are apparently not required in order to file a caution in Belize (although § 134 of the Registered Land Act provides for the recovery of damages from a cautioner who "lodges or maintains a caution wrongfully and without reasonable cause"). Seeking a preliminary injunction in the circuit court is not an equivalent remedy to the caution Knasel has filed in Belize.

16

## Conclusion

The circuit court exceeded its authority when it ordered Knasel to remove the caution on Parcel 13842, on the basis that the caution purportedly violated the forum-selection clause contained in the Memorandum of Agreement between Knasel and Ray. We make our preliminary order in mandamus permanent, and order the circuit court to vacate its December 21, 2022 Order To Remove Caution and Mandating Escrow.

_____
Alok Ahuja, Judge

All concur.